## Hallowell *v.* Paige, Appellant.

*Affidavit of defense—Practice, C. P.—Set-off—Precision as to aver-ments.*

1. In affidavits of defense statements of set-off must be made with precision and exactness as to the amount so that the court may not be left in doubt as to the source and character of the claim, and be able to determine the propriety of allowing it.

2. Where a statement of claim sets forth various items and admits various credits, an affidavit of defense is insufficient which does not show wherein the admission of credits is incorrect and which does not set forth the dates and amounts of the payments which the defendant attempts to assert.

Argued Dec. 16, 1910. Appeal, No. 261, Oct. T., 1910, by defendant, from order of C. P. No. 3, Phila. Co., Dec. Term, 1909, No. 3,564, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Clifton C. Hallowell v. Arthur E. Paige. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for loans and wages.

The opinion of the Superior Court sets forth the material averments of the affidavit of defense.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*C. Berkeley Taylor*, for appellant.—In several of the lower courts lumping credits in affidavits of defense have been held sufficient: Swenk, Benson & Co. v. Irwin, 10 Pa. Dist. Rep. 732; Godshall v. Bissex, 9 Del. County Rep. 409.

*Frank R. Shattuck*, for appellee; cited: Smucker v. Grinberg, 27 Pa. Superior Ct. 531; Comly v. Simpson, 6 Pa. Superior Ct. 12; Close v. Hancock, 3 Pa. Superior Ct. 207.

OPINION BY HENDERSON, J., March 3, 1911:

The affidavit of defense contains much that is not responsive to the statement of claim. The part of it which is principally pertinent is that it appears from the loose sheet account rendered to the defendant by the plaintiff as a true account during the period from January 4, 1908, to September 4, 1909, the plaintiff received from the defendant the sum of $2,725.80 and that the further sum of $10.00 not included in the said loose sheet account was received by the plaintiff from the defendant on March 5, 1908. The plaintiff's claim was made up of a duebill for $419 dated January 4, 1908, a claim for wages at $30.00 per week from that time until July 24, 1909, sundry small loans amounting to $23.25 and three items for wages after the plaintiff left the regular employment of the defendant amounting to $17.25. As a credit on the claim the plaintiff admitted that he had received $2,332.55 leaving a balance of $556.95 for the recovery of which the action was brought. The denial of the affidavit does not show wherein the admission of credits in the statement of claim is incorrect nor does it set forth the dates and amounts of the

payments which the defendant attempts to assert. Admitting that the accounts were entered on the book or sheets kept by the plaintiff the affidavit shows that these sheets were in the hands of the defendant for several weeks. Ample opportunity was afforded him to copy the sheets if he so desired. The fact that he was able to state the aggregate of the credits which he says were allowed him on the account is evidence that he kept a copy of a part at least of the sheets. The balance claimed in the account first presented was $655.95 and in the present claim the amount is $556.95. This difference may be accounted for in part by an allowance of credit for the $49.00 for which the defendant says he should have credit and the defendant fails to show in his affidavit that he is not so credited. It has been repeatedly said that in affidavits of defense statements of set-off must be made with precision and exactness as to the amount so that the court may not be left in doubt as to the source and character of the claim and be able to determine the propriety of allowing it. The affidavit under consideration is defective in this respect and we are unable to say from a careful examination of it that the court was in error in entering the judgment as was done.

The judgment is affirmed.