## Frick & Lindsay Co. v. Kent & Kervin, Appellant.

*Practice, C. P.—Contract—Affidavit of defense—Lump charges.*

In an action to recover a balance due on machinery sold and delivered under a written contract, an affidavit of defense is insufficient, where a set-off is averred of various amounts paid for wages, material, and for loss of use of the machinery, but the amounts are merely lumped, without any statement of the items showing how such lump sums were made up.

Argued May 6, 1919. Appeal, No. 246, Jan. T., 1919, by defendant, from order of C. P. McKean Co., June T., 1917, No. 143, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Frick & Lindsay Co. v. R. E. Kent & D. J. Kervin. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The court made the rule absolute in an opinion by BOUTON, P. J., which was as follows:

The plaintiff brought suit to recover for certain machinery, etc., sold defendants on a written contract, a copy of which is attached to plaintiff's statement of claim. This machinery was to be delivered f. o. b. at Kane, Pa., for the sum of $2,765, and in said contract plaintiff agreed to furnish a man to supervise the setting up of the articles sold, and all to be in good working order and condition. Among the articles was one 30-horsepower high stage compressor of the capacity of 250,-000 cubic feet per twenty-four hours. Defendant afterward ordered the goods shipped from Kane to Tiona, Pa., which order plaintiff complied with and claimed an additional amount for freight of $35.67. Defendant paid under the terms of the contract the sum of $1,000, and plaintiff claims a balance of $1,800.67, with interest from November 17, 1916.

The averments in the affidavit of defense are to the effect that the compressor was not of the capacity agreed to be furnished, but only about one-half thereof; that the plaintiff failed to furnish a competent man to supervise the installation of the machinery, etc., that the same or at least some of it was defective and not in good working order and condition, was useless, had to be repaired and some parts had to be replaced with new, and that defendant was thereby damaged to an amount far in excess of

plaintiff's claim, which damages he seeks to set off and asks for judgment for a certified balance.. Defendant states the various items of damage alleged to have been sustained, as follows:

1. Wages paid laborers and superintendent
   Sept. 1, 1916, to Jan. 1, 1917,..............$1,500.00
2. Repair on low stage compressor, ..........    501.61
3. Freight on shipment of compressor, to shop
   and return, about ......................   100.00
4. Articles purchased in place of materials that
   would not work and had to be replaced with
   new, .................................   352.10
5. Loss by failure of compressor to operate and
   be of the capacity required as per contract,
   $20 per day for four months from Sept. 1,
   1916, to Jan. 1, 1917, ................... 2,400.00
   
                                            $4,853.71

As to the first item, the affidavit does not aver how many laborers, who they were, the time each was employed, the price paid each per day or month, the time superintendent was employed, the price paid him, or that the wages paid laborers and superintendent was reasonable or the usual and ordinary charge for such labor.

As to the second item, the affidavit fails to state that the defendant actually paid or obligated himself to pay the amount of $501.61 for repairs, or if this could be inferred from the affidavit as a whole, then there is no averment that the said sum is the usual and ordinary charge for such repairs.

As to the third item there is no averment that the compressor was ever shipped to the shop, or that it was necessary to ship it to the shop, and the statement of freight of about $100 has nothing on which to rest.

As to the fourth item, there is no averment as to the price paid for the various articles which go to make up

this item, and that the prices paid were the fair market price for such articles.

As to the fifth item, the affidavit fails to state how much of the amount claimed was for failure of the compressor to operate, and how much was for failure of it to be of the capacity required, or how such amount was arrived at. If the compressor was not of the capacity required by the contract, and the defendant used it and continued to use it, which he did, his damages would not be based on so much per day for loss in capacity, but would have to be ascertained by another measure; at any rate this item of damages cannot be sustained under any averment in the affidavit.

The rule is that averments such as are above considered are necessary in a statement of claim, and, therefore, are required in an averment of set-off. Bethlehem Steel Co. v. Topliss, 249 Pa. 417, and cases therein cited.

In our opinion, the affidavit of defense under the adjudicated cases, and especially since our Procedure Act of 1915, is entirely insufficient to prevent judgment.

And now, to wit, November 20, 1918, the rule for judgment is made absolute, and upon filing by plaintiff's attorney of a proper statement of liquidation, the prothonotary will enter judgment in favor of plaintiff and against D. J. Kervin, the defendant served, for the amount of plaintiff's claim.

Defendants appealed.

*Error assigned* was the order of the court.

*T. L. Hampson,* with him *James George,* for appellant.

*Wm. E. Burdick,* for appellee.

PER CURIAM, June 21, 1919:
The judgment in this case is affirmed on the opinion of the learned court below making the rule for it absolute.