# Wigton, Receiver, *v.* Climax Coal Co., Appellant.

*Receivers—Corporations—Contracts—Sale—Termination of receivership—Assignability of contract—Defense as to strikes.*

1. Where a receiver of a corporation has been authorized to continue the business of the company which covered the purchase and sale of coal, the receiver may make contracts which are usual and customary in such business, such as the purchase of coal, although they may extend beyond the probable term of the receivership.

2. The better course is to secure preliminary sanction from the supervising court, but the power will be implied where the supplies contracted for are necessary to the conduct of the business placed in the receiver's charge.

3. Though no previous authorization of the contract be granted, there may be a ratification, which may be indicated by other proceedings in the case showing knowledge was possessed by the court of the making of the contract, and acquiescence therein.

4. A proper contract made by the receiver in such case for the purchase of coal, cannot be repudiated by the seller during the receivership.

5. Nor can it be repudiated on the termination of the receivership, on the ground that such a contract cannot be assigned to the corporation, when the assets of the company are redelivered by order of court.  Such contract is assignable unless there is something in the terms and nature of the contract which evidences an intention that it should not be.

6. Objection cannot be made to such assignment on the ground that the seller was not bound to extend credit to the corporation by continuing deliveries of coal, if it appears that the decree directing the return of the property fully protected the seller by permitting claims for damages for breach of the contract to follow the corporate property.

7. Where the seller repudiated his contract after the discharge of the receivership, and his liability thereby became fixed, he cannot, after the date of the repudiation, claim the advantage of a limitation of liability provided in the contract in case of strikes, as to strike conditions after the date of the repudiation.

Argued March 28, 1921. Appeal, No. 419, Jan. T., 1921, by defendant, from order of C. P. No. 5, Phila. Co., Sept. T., 1917, No. 3341, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of F. H. Wigton, receiver of the Morrisdale Coal Co. to use of Morrisdale Coal Co. v. Climax Coal Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Assumpsit for breach of contract to sell and deliver coal. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for $9,784.68, being the portion of plaintiffs' statement of claim as to which the affidavit was insufficient. Defendant appealed.

*Error assigned,* among others, was judgment, quoting it.

*E. Waring Wilson,* for appellant.—The contract sued on was one which the receiver had no power to make without express authority from the court: Chicago Deposit Vault Co. v. McNulta, 153 U. S. 554; Schwartz v. Oil Co., 153 Pa. 283.

Action having been brought in the name of the receiver to the use of Morrisdale Coal Company, no recovery can be had except in his right, and the decree of May 2, 1917, terminated his right to receive or demand further shipments of coal after that date: Jones v. Gordon, 124 Pa. 263; Montgomery v. Cook, 6 Watts 238.

The contract was one involving the responsibility and solvency of the parties thereto and was not assignable:

Arkansas Val. Smelting Co. v. Mining Co., 127 U. S. 379; Del. Co. Comrs. v. Diebold S. & L. Co., 133 U. S. 473.

Even if contract is valid, defendant is not liable for delivery of coal prior to termination of strike, which extended from May 2, 1917, to May 15, 1917.

*C. J. Hepburn,* of *Hepburn, Dechert & Norris,* for appellee.—The receiver had authority to make the contract in question: Lewis v. Steel Co., 183 Pa. 248; Cake v. Mohun, 164 U. S. 311.

The contract was assignable: American Bonding & T. Co. v. R. R., 124 Fed. 866; Honesdale Ice Co. v. Lake Lodore Imp. Co., 232 Pa. 293; Empire Implement Mfg. Co. v. Hench, 219 Pa. 135.

OPINION BY MR. JUSTICE SADLER, May 2, 1921:

On December 1, 1914, a bill was filed asking that a receiver be appointed for the Morrisdale Coal Company. The appropriate order was made authorizing the temporary continuance of the business, and the appointee, F. H. Wigton, was directed "to complete and fill the contracts entered into by the said corporation remaining unfilled, and to pay for coal purchased from other persons out of the proceeds derived from the sales of such purchased coal." Subsequently, seventeen petitions, beginning in March, 1915, were presented, and decrees made authorizing the borrowing of the necessary funds to carry on the work of the company, which was "the conducting a general coal brokerage business and the purchase of coal in the general market for resale," as well as the mining and selling of coal. The last decree was entered March 1, 1917, and is in terms similar to the one in force, when, on January 18, 1917, the contract, which is the basis of the present suit, was entered into.

By this agreement the defendant sold to the receiver "for the Morrisdale Coal Company," at a fixed price, 30,000 tons of coal, to be delivered prior to the following first of January. On May 1, 1917, the receivership

was ended by order of the court, and Wigton was directed to "transfer and deliver to the Morrisdale Coal Company all the property, assets and money in his possession, and all his right, title and interest in and to any and all property, assets and money as to which he now has, or may hereafter acquire, any right or title as receiver." This was made conditional upon the payment of all claims arising from the conduct of the business. In pursuance of this order all of the property, including the contract in suit, was immediately transferred. Notice of this fact was given defendant, but further compliance with the agreement was refused by it on May 12th, on the ground that the contract was one which a receiver could not lawfully make; and, even if so, it was ended by his discharge. This action was subsequently brought to recover damages for the breach, and judgment was entered, for want of a sufficient affidavit of defense, for the entire claim, less the loss sustained between May 1st and May 12th, when the contract was repudiated; during these twelve days, it was contended, a strike at the mines relieved from liability, under the express terms of the written agreement.

The first question for consideration is the power of the receiver to contract for a period of time which extends beyond the limit at the moment fixed for the continuance of the trust. Such officer merely becomes the temporary manager of the company, under the direction of the court, and is legally its agent. The corporation still remains in existence, and is still clothed with its franchises: Bartlett v. Cicero Light Co., 177 Ill. 68. The assets pass to him, subject to the outstanding equities: People v. National Mut. Ins. Co., 46 N. Y. Supp. 102; Funk v. Young, 5 A. L. R. 79. "The power of a receiver to make [new] contracts depends largely on whether he is a passive receiver, appointed merely to conserve the property, or whether he is an active receiver appointed to run the business": 8 Fletcher Cyc. Corp. 8927.

The court may authorize its receiver to make contracts which are usual and customary in the particular operation, although they extend beyond the probable term of the receivership: Gay v. Hudson River E. P. Co., 173 Fed. 1003. This rule is subject to the limitation that the agreements shall not be of a character "so extraordinary and unusual as not to be included in the authority to carry on the business of the company": Northern Pac. Ry. Co. v. American Trading Co., 195 U. S. 439, distinguishing in this way Chicago Deposit Vault Co. v. McNulta, 153 U. S. 554, an authority relied upon by the appellant. The better course is to secure preliminary sanction from the supervising court, but the power will be implied where the supplies contracted for are necessary to the conduct of the business placed in the receiver's charge (Cake v. Mohun, 164 U. S. 311; Pa. Engineering Works v. New Castle Stamping Co., 259 Pa. 378; Lewis v. Linden Steel Co., 183 Pa. 248; Teutonia Bank & Trust Co. v. Security Brewing Co., 69 So. 833; 1 Clark on Receivers 857); moreover, though no previous authorization be granted, there may be a ratification, sufficiently indicated by other proceedings in the case showing knowledge was possessed by the court of the making of the contracts, and acquiescence therein: South Carolina & G. R. Co. v. Carolina, C. G. & C. Ry. Co., 93 Fed. 543. When the agreement has not been previously approved, the court is left free to deal with the situation so that justice and equity may be accomplished: 23 R. C. L. 77. In the present case, the court was evidently aware of what had been done by the receiver; it is the same tribunal which entered judgment for want of a sufficient affidavit of defense, based on a suit upon this contract, which defendant avers was neither authorized nor ratified.

A receiver who takes charge of property is bound by the contracts existing when he takes possession. The assets in his hands are also subject to payment when he enters into valid agreements thereafter: Farmers Loan

& Tr. Co. v. Eaton, 114 Fed. 14. So, also, is a vendor held to the obligation assumed, if the contract is a valid one. Here it was at most voidable, and not void; both parties acted thereunder, and the defendant could not repudiate its engagement, at least during the receivership: Crawford v. Seattle Ry. Co., L. R. A. 1916 C 516. But it is insisted that the discharge terminated the relationship, and that the agreement was not of a character which could be assigned to the corporation when its assets were redelivered by order of court. In answering a like objection, where the parties were similarly situated, the federal court said (American Bonding & Trust Co. v. B. & O. S. W. R. R. Co., 124 Fed. 866), "A contract by which one party became obligated to the other is assignable by the latter unless there is something in the terms and nature of the contract which evidences an intention of the parties that it should not be assignable......For such a right to be assignable, absence of evidence of an intention that it should not be is sufficient."

It is, however, urged that the defendant might be willing to extend credit to a receiver acting for the court, but not to the corporation which had been involved in financial difficulties, and it was therefore justified in refusing to proceed further. When the contract was cancelled no such objection was made or reason given; but it is not necessary to discuss the legal effect of this failure. The order discharging the receiver directed the return of the property in his hands subject to the payment of all claims against the assets which had arisen by reason of the receiver's conduct of the business. Where such an order is made, the transfer is provisional until all obligations contracted by the receiver are protected: 23 R. C. L. 101. Claims for damages for breach of his contracts follow the corporate property: Texas & Pac. Ry. Co. v. Johnson, 151 U. S. 81; Texas & Pac. Ry. Co. v. Bloom, 164 U. S. 636; Farmers Loan & Trust Co. v. Eaton, supra. The vendor's rights were protected by the reservation made.

One other matter remains to be considered. Judgment was entered for the claim, except the damages sustained from May 1st, the date of the discharge of the receiver, to May 12th, when the vendor repudiated the contract. This was because of the limitation of liability provided in the contract in case shipments were prevented by strikes, and the affidavit of defense set up the existence of this condition at that time. The defendant contends allowance should at least have been made until May 15th, when the labor difficulty ceased; and further insists that the order for shipment sent on May 18th was applicable under the contract, if it was valid, to the week following the strike, beginning May 21st, and credit should be given until that time. But this argument loses sight of the fact that it had repudiated and canceled its agreement on May 12th. The ruling of the learned court below was, therefore, correct. All of the assignments of error are overruled.

The judgment is affirmed.