## Commonwealth *v.* Bader et al.

*Bond—Suit on—Defenses—Distribution—Practice, C. P.—Principal and surety—Payment into court.*

1. In a suit upon a bond, defendant cannot defeat the obligee's right to judgment for the full amount thereof, by alleging that, even if the whole sum is due, other parties may be interested in its distribution.

2. In such cases, the obligor's remedy is by petition for leave to pay the amount into court, for distribution among those entitled thereto.

*Affidavit of defense—Practice, C. P.—General allegations.*

3. General allegations in an affidavit of defense will not avail to defeat a summary judgment.

*Contract—Performance — Unforeseen contingencies — Impossibility of performance—Affidavit of defense—Averments.*

4. Contingencies not provided against in a written contract usually will not excuse performance thereof.

5. The fact that a contract has become more difficult and expensive of performance than was anticipated at the time it was executed, is no defense to a suit for the breach thereof.

6. If it is intended to assert the contract subsequently became impossible of performance, this should be distinctly set forth, with reference to the particular facts relied upon to show it; an assertion thereof, without a clear and detailed averment of such facts, will be ineffective.

Argued May 23, 1921.  Appeal, No. 11, May T., 1921, by New Amsterdam Casualty Co., from order of C. P. Dauphin Co., Commonwealth Docket, 1920, No. 7, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Commonwealth v. Harry J. Bader, trading as Dwyer & Co. and New Amsterdam Casualty Co.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Assumpsit on a bond.

Rule for judgment for want of sufficient affidavit of defense.  Before HARGEST, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute.  The New Amsterdam Casualty Co. appealed.

*Error assigned* was order, quoting it.

*Owen J. Roberts,* for appellant.—The contractor's failure to perform his contract in accordance with the terms thereof was excused by the intervening impossibility caused by war time legislation: Monaca Boro. v. Ry., 247 Pa. 242; Stump v. School Dist., 46 Pa. C. C. R. 621; United States v. Peck, 102 U. S. 64.

*Robert S. Gawthrop,* First Deputy Attorney General, for appellee.

OPINION BY MR. JUSTICE SIMPSON, July 1, 1921:

This is an appeal from a judgment for want of a sufficient affidavit of defense, in a suit upon a bond, conditioned for the faithful performance of a contract for constructing one of the State's highways, and, also, for the payment of "all and every sum or sums of money due [those furnishing] labor and materials for which the contractor is liable." The affidavit of defense admits the latter did not complete his contract, and that the Commonwealth's loss exceeds the amount of the bond; but in avoidance of the right to recover, makes certain statements, which, it is claimed, would justify a jury in finding that the actions of the United States Government, growing out of our entrance into the World War, rendered performance impossible, whereby the contract was avoided; and also avers that there are debts due by the contractor, for labor and materials furnished by others, not parties to the suit, which the surety, the only appellant, is obligated to pay under the condition of the bond, yet the Commonwealth wrongfully seeks to recover its full amount for her own use, upon a statement averring loss to herself only. The court below entered judgment for the full amount of the bond with interest.

So far as regards the latter of the foregoing objections, appellant's only concern is to be protected against liability to pay more than the amount of the bond; and, as to this, it may secure itself by a petition in the court below, after notice to all known claimants upon the fund (and with an averment that there may be others, if it is believed there are), for leave to pay the amount due into court, for distribution among those entitled thereto.

In considering the alleged impossibility of performance, it is not necessary to differentiate the interesting cases found in the opinion of the court below, and in the paper-books of the respective parties; for it is conceded that difficulty of performance is not a valid excuse, and we are of opinion the affidavits of defense, fairly interpreted,

assert nothing beyond this, whether impossibility of performance is construed to mean absolute impossibility, or "commercial impracticability," as averred in some of the cases cited.

General statements are made in the affidavits of defense that the contract was entered into "with reference to the then conditions as to cost of labor, plant and materials, and the then prospects concerning the same"; that by the declaration of war "a contingency arose [which] was not in the contemplation" of the parties; that "the enforcement of the contract would impose upon the [contractor] the unforeseen burden, totally foreign to the ordinary incidents of a contract of [this] character"; and that default was not declared until he "had exhausted all efforts to obtain labor and materials for the prosecution of the work." Aside from every other objection to these assertions, the latter thereof must fall because the alleged "efforts" are not stated; the balance, because the contract is silent upon the point and there is no allegation of anything omitted from it by fraud, accident or mistake, or any other averments made therein, sufficient in law, if proved, to relieve defendant from liability.

The only other averments in the affidavits, bearing upon the question at issue, are these: "in the meantime, road construction had been declared by the United States Government a class of work not necessary for the prosecution of the said war. The result was that as fast as the said Harry J. Bader assembled gangs of workmen to operate under the said contract, said workmen would almost immediately be taken over and employed, at an advanced scale of wages, by individuals and corporations doing work for the United States Government. It was wholly impossible to obtain in Delaware County, Pennsylvania, labor for any such private enterprise as was comprised in the said contract between said Harry J. Bader and the Commonwealth of Pennsylvania."

This, however (if its inadequacy in all other respects is overlooked), instead of asserting an impossibility of obtaining labor to do the work, only avers an impossibility of getting it "in Delaware County, Pennsylvania," without paying at the "advanced scale of wages," which "individuals and corporations doing work for the United States Government" were willing to pay; and hence is only a declaration of a local impossibility of procuring and retaining it in that county, except at the prevailing rate of wages there,—a limitation of place which, of itself, would be sufficient to render the averment ineffective.

The judgment of the court below is affirmed.