# Gross *v.* Exeter Machine Works, Inc.

*Contract—Written contract—Parol evidence—Contract not to be modified except by writing.*

1. Where parties have deliberately put their agreement in writing stipulating therein that it contains the entire contract and shall be modified only by the parties' written agreement, such stipulation forms a material part of the contract and is enforceable as such.

*Practice, C. P. — Affidavit of defense — General averments — Strikes—Failure to secure material—Contract—Nonperformance—Delay.*

2. In an action for breach of contract to construct machinery, where allowance of time is made in the contract for failure to secure material in time because of delays of carriers or rolling mills, or delays from strikes, an affidavit of defense is insufficient which

does not designate the carriers or rolling mills, or the time and nature of strikes, which cause the delay alleged.

3. A person who undertakes to perform a contract during the winter months in this climate cannot be excused because of general severity of the weather.

4. Mere hardships or difficulty is no excuse for failure to perform a contract.

*Contract—Counterclaim—Averments.*

5. A counterclaim is on its face fatally defective if it fails to state when, to whom, or for what the items comprising a lump sum claimed, were paid, and fails to aver any sufficient facts to justify a claim set up for anticipated profits.

6. Where, in an action for breach of contract, it is found that the contract was breached by defendant, a counterclaim based on the theory that plaintiff breached the contract, falls.

*Contract—Liquidated damages—Penalty.*

7. Where a contract embraces the performance of several acts and a single sum is named for breach of any, even the least, the sum named is to be considered as a penalty, and not `as liquidated damages.

8. Whether the parties have denominated the sum specified in any given case a penalty or liquidated damages is .of little moment in determining its real character. This question is to be determined by the intention of the parties drawn from the words of the whole contract, examined in the light of the subject-matter and its surroundings.

Argued April 9, 1923. Appeals, Nos. 153 and 281, Jan. T., 1923, by plaintiff and defendant, from order of C. P. Luzerne Co., Oct. T., 1920, No. 627, on rules for judgment in case of Max Gross v. Exeter Machine Works, Inc. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Assumpsit for breach of contract.

Rule for judgment for want of sufficient affidavit of defense. Before WOODWARD, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff for $11,530, money advanced, and interest thereon.

Judgment for plaintiff refused for $10,000, claimed as liquidated damages.

Judgment for defendant refused on counterclaim.

Plaintiff and defendant both appealed.

*Errors assigned* were orders, quoting them.

*P. F. O'Neill,* with him *Wm. W. Hall* and *J. Harold Flannery,* for Exeter Machine Works, Inc.—The written contract and the alleged parol contract set up as the inducement to its execution are not so inconsistent that both cannot stand: Keller v. Cohen, 217 Pa. 522; Thomas & Sons v. Loose, 114 Pa. 35; Diehl Mfg. Co. v. Electric Co., 49 Pa. Superior Ct. 257.

Plaintiff is inferentially but plainly charged with attempting to make a fraudulent use of the written agreement pleaded in his statement of claim in violation of his oral agreement or promise made at the time the written contract was signed, and without which it would not have been executed: Gandy v. Weckerly, 220 Pa. 285, 289-90; Clinch Val. Coal & Iron Co. v. Willing, 180 Pa. 165; Noel v. Kessler, 252 Pa. 244; Federal Sales Co. v. Farrell, 264 Pa. 149.

*Abram Salsburg,* with him *Mulford Morris* and *Mose H. Salsburg,* for Max Gross.—Uncertainty as to the extent of the injuries which may ensue is a criterion by which to determine whether it is a case of liquidated damages or a penalty: Kunkel & Jordan v. Wherry, 189 Pa. 198; Emery v. Boyle, 200 Pa. 249, 253; York v. Rys., 229 Pa. 236; Gottschall v. Kapp, 47 Pa. Superior Ct. 102, 106; Lichetti v. Conway, 44 Pa. Superior Ct. 71; Streeper v. Williams, 48 Pa. 450; Mathews v. Sharp, 99 Pa. 560; Orr v. Greiner 254 Pa. 308.

The alleged parol agreement was not admissible: Acetylene Co. v. Hastings, 71 Pa. Superior Ct. 178; Dynamo & Engine Co. v. Cement Co., 221 Pa. 160.

OPINION BY MR. JUSTICE WALLING, April 30, 1923:

On December 27, 1919, a written contract was executed between Max Gross, the plaintiff, and Exeter Machine Works, Inc., located at West Pittston, Pa., by which the latter undertook to make and deliver to the former five hundred complete silk throwing machines, or a total of fifty thousand spindles, for a consideration therein stated. The first two machines were to be delivered on or before February 15, 1920, and at least two machines each and every day thereafter until the contract was filled. Plaintiff advanced the ten thousand dollars as the contract stipulated, but none of the machines was made or delivered and because of such failure he wrote defendant, on May 19, 1920, rescinding the contract and then brought this suit for the ten thousand dollars advanced and also for a like sum claimed as liquidated damages. Defendant filed an affidavit of defense and later an amended affidavit setting up divers matters in defense, and also a counterclaim, to all of which plaintiff replied, raising legal questions only, as provided by the Practice Act of 1915. Thereupon the trial court entered judgment for the plaintiff for the ten thousand dollars advanced, with interest thereon, refused judgment for the ten thousand dollars claimed as liquidated damages and dismissed defendant's counterclaim as insufficient in law; from which each side has appealed and we will here dispose of both.

Defendant sets up an alleged contemporaneous parol agreement, vitally changing the written contract, on the faith of which it executed the latter. The written contract provides that, "It is understood and agreed that all previous communications, either verbal or written, with reference to the subject-matter of this agreement, are hereby withdrawn and annulled, and this contract shall be modified only by written agreement between the parties hereto." In view of which, the trial court properly rejected the alleged parol modification. Where the parties, as here, have deliberately put their agree-

ment in writing stipulating therein that it contains the entire contract and shall be modified only by the parties' written agreement, such stipulation forms a material part of the contract and is enforceable as such: Dynamo & Engine Co. v. Cement Co., 221 Pa. 160, 165; Phila. and Gulf S. S. Co. v. Pechin, 61 Pa. Superior Ct. 401; Colt Company v. Evans, 74 Pa. Superior Ct. 73; Holcomb & Hoke Mfg. Co. v. Gamba, 80 Pa. Superior Ct. 191; Oxweld Acetylene Co. v. Hastings, 71 Pa. Superior Ct. 178; Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379. Parties having taken the precaution to put their agreement in writing may further safeguard their rights by such a stipulation as above quoted, otherwise a contracting party is powerless to protect himself against parol modifications of his solemn contract.

The contract states, "It is understood that the date of the delivery of the above described machinery, whether expressed or implied, is subject to delays caused by common carriers or rolling mills in delivering to us the materials out of which said machinery is to be made, and subject to delays occasioned to us by reason of strikes, labor troubles, fires, accidents at our shops or other causes beyond our control," and thereunder defendant seeks to escape the consequences of its failure to perform. But the affidavit of defense fails to aver sufficient facts to enable it to do so. An affidavit of defense must state the facts specifically (Frick & Lindsay Co. v. Kent & Kervin, 265 Pa. 264; Little v. Thropp, 245 Pa. 539; Gowan v. Boney, 74 Pa. Superior Ct. 123; Hallowell v. Paige, 46 Pa. Superior Ct. 108; Berko v. Kemper Construction Co., 65 Pa. Superior Ct. 589), and mere general averments are insufficient: Franklin Sugar R. Co. v. Hanscom Bros., 273 Pa. 98; Com. v. Bader et al., 271 Pa. 308; Wright v. General Carbonic Co., 271 Pa. 332; Iron Trade Products Co. v. Wilkoff Co., 272 Pa. 172. There is no averment as to what common carrier or what rolling mill failed to deliver the necessary material, or of what material, if any, defendant was de-

prived. True, a railroad strike and one in defendant's factory are averred as beginning in April 1920, but that was two months after defendant had breached the contract and of course could not excuse it: see Wigton, Receiver, v. Climax Coal Co., 270 Pa. 420. The affidavit avers generally extraordinarily severe weather conditions during the first quarter of 1920, causing delay in transportation and its affiant expresses the belief that defendant was substantially hindered thereby, but fails to state what transportation companies were blockaded by storms, or for how long, or of what material defendant was thereby deprived. Moreover, he who undertakes to perform a contract during the winter months in this northern country cannot be excused because of general severity of the weather: Texter v. Wachs, 73 Pa. Superior Ct. 19. The affidavit also avers that, owing to the abnormal demand for rolling mill products, defendant was unable to obtain the required material "within any reasonable bounds of effort or expense"; but that is unavailing; mere hardship or difficulty is no excuse for failure to perform a contract: Com. v. Neff et al., 271 Pa. 312; Corona C. & C. Co. v. Dickinson, 261 Pa. 589.

Defendant's counterclaim consists of the lump sum of $39,925.61, claimed to have been expended by it, on the faith of the contract, for labor and material and $50,000 as its anticipated profits. As the trial court rightly held the contract was breached by defendant, its counterclaim, based on the theory that plaintiff breached the contract, falls. Furthermore, the counterclaim on its face is fatally defective in that it fails to state when, to whom, or for what the items comprising the lump sum were paid, or any sufficient facts to justify the claim for anticipated profits. It would be worthless as a plaintiff's statement of claim and is equally so as a counterclaim, which must be stated with the same certainty: O'Neil v. Burnett, 263 Pa. 216, and see Frick & Lindsay v. Kent & Kervin, supra. It follows judgment was rightly entered

for the plaintiff on the questions of law raised as to the counterclaim.

The contract contained a further stipulation as follows, "In the event the Exeter Machine Works, Inc., fail or neglect to comply with the terms and conditions of this contract, then it is agreed between the parties hereto, that the stipulated damages shall be fixed in the sum of ten thousand ($10,000) dollars, that being agreed upon as the amount of damages which the said Max Gross would be entitled to as a result of the failure on the part of the said Exeter Machine Works, Inc., to carry out the terms of their contract; and also agree in addition thereto to return to the said Max Gross, the said sum of ten thousand ($10,000) dollars, which has been paid to the Exeter Machine Works, Inc., as an advanced payment." This, plaintiff contends, entitles him to the stipulated ten thousand dollars as liquidated damages; but the trial judge properly held otherwise. Whether the parties have denominated the sum specified in any given case a penalty or liquidated damages is of little moment in determining its real character: Kunkel & Jordan v. Wherry, 189 Pa. 198. "The question......is to be determined by the intention of the parties drawn from the words of the whole contract, examined in the light of its subject-matter and its surroundings; and in this examination we must consider the relation which the sum stipulated bears to the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach in damages and such other matters as are legally or necessarily inherent in the transaction": March v. Allabough, 103 Pa. 335. The general rule is that, where the covenant embraces the performance of several acts and a single sum is named, it will be treated as a penalty, especially so where the damages for any breach or breaches may be ascertained. In other words, where the agreement contains several matters of different degrees of importance and yet the sum named is for the breach of any, even the least, it is to be

construed as a penalty and not as liquidated damages: Keck v. Bieber, 148 Pa. 645; March v. Allabough, supra; Shreve v. Brereton, 51 Pa. 175. Here, defendant might commit minor breaches of the contract; for example, it might fail to deliver one of the five hundred machines, or one of them. when delivered might not be equal in efficiency to the Atwood machines, or defendant might fail to extend plaintiff credit for the full $45,000 specified. In each instance there would be a breach of contract, but it cannot be affirmed that such would entitle plaintiff to the $10,000, irrespective of the actual loss sustained. Hence the amount stated must be treated as a penalty. The question is one of law and there is no force in the suggestion that it was first raised in the amended affidavit of defense.

The assignments of error on each appeal are overruled and the judgment is affirmed.