## Allis-Chalmers Manufacturing Co. v. Columbia Brewing Co.

*Sale—Unexpected contingencies—Liability of vendee for price—Affidavit of defence.*

1. In an action for the price of an electrical machine sold and delivered, an affidavit of defence is insufficient which does not deny that the machine was delivered in proper condition, but avers that it could not be used, installed or operated because the United States Government had charge of the defendant's premises and would not allow anything to be done there, and, further, that, by reason of a change in its current by the local electric power company from twenty-five cycles to sixty cycles, the machine was of no use to the defendant.

2. Contingencies not provided against in a written contract usually will not excuse performance thereof.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Oct. T., 1924, No. 34.

*Henry M. Bruner*, for plaintiff and rule.

*B. F. Davis, Bernard J. Myers* and *S. V. Hosterman*, contra.

LANDIS, P. J., April 18, 1925.—The plaintiff's statement alleges that, on May 2, 1922, the Columbia Brewing Company, per C. W. Kloidt, under a written contract, ordered one 75 H. P. Wound Motor with Slide Rails, Pulleys and C. H. Speed Regulator, at the price of $1750; that the same, which was of a special design and construction, was duly manufactured and delivered in accordance with the contract, but payment has as yet not been made.

The affidavit of defence does not deny that the plaintiff made and delivered the machine and no complaint is made concerning its qualities, but it is alleged that when it was delivered to C. W. Kloidt, the defendant's business, which was the making of cereal beverages, was not being carried on because of an order by the United States Government restraining him from doing so; that for this reason the machine could not be used, installed or operated and was totally without value to the defendant; that the United States Government had possession of the premises and would not allow anything to be installed or operated thereon. It was, furthermore, averred that the Edison Electric

Company of Columbia, on or about September, 1923, changed the current from twenty-five cycles to sixty cycles and thereby made it impossible for the machine to be of any use or benefit to the defendant.

The contract calls for "One (1) 75 H. P. 300 R. P. M. synchronous speed, 220 volt, 3 phase, 25 cycle, slip ring induction motor, complete with slide rails, 22" x 18" paper pulley, and Cutler-Hammer bulletin 9470 speed regulator." This was what was furnished. How a change by the Edison Electric Company of Columbia from twenty-five cycles to sixty cycles can discharge the defendant from his contract and render it entirely nugatory is a little hard to see. The defendant ran that risk and he cannot avoid payment for the machine upon such a specious plea. Authorities are not necessary for so plain a proposition.

The same may be said concerning the order of the United States Government closing the plant. The plaintiff had nothing to do with this and cannot be affected by it. The business of the defendant, according to his affidavit of defence, was the making of cereal beverages. This was a legitimate business and not one prohibited by any law if properly conducted. He must have carried it on in an improper way or the United States Government would not have closed the plant. The plaintiff had no reason to anticipate that the defendant would violate the law and thus prevent the machinery from being installed and operated. In addition, there is nothing before us to show that the machinery was rendered useless for some other purpose, in some other place, or in the hands of some other person.

This case does not go to the length of cases decided by the courts in which similar questions were raised without effect. Thus, in P. & H. Morton Advertising Co. v. Fink Brew. Co., 25 Dauphin Co. Reps. 466, 2 D. & C. 757, it appeared that the plaintiff, an advertising company, entered into a written agreement with the defendant to erect twelve railroad field bulletin-boards and to paint thereon from a sketch to be submitted to and approved by the defendant, to maintain such boards in good condition and to rent the use of them to the defendant for the term of thirty-six months at an annual rental of $38.40 for each board, payable in monthly instalments. The word "beer" was painted on them with the approval of the defendant. In an action for the rent it was contended by the defendant that, because of the Volstead Act, it became unlawful to maintain its boards advertising "beer" and that it was unlawful for it to pay to the plaintiff the monthly rental for advertising "beer," and that, since the passage of the Volstead Act, it had derived no benefit from said contract. On a rule for judgment for want of a sufficient affidavit of defence, it was held that the affidavit of defence was insufficient and judgment was entered in favor of the plaintiff. Judge Wickersham, who delivered the opinion, has most industriously collated all of the decisions upon this subject and satisfactorily discussed the question. It would seem to be but needless repetition to refer to or quote from more than a few of the cases set forth therein. In his discussion he says: "We cannot agree, in the absence of any stipulation to that effect in the written contract between these parties, that the passage of the Volstead Act, making it illegal to advertise beer, relieved the defendant from performing its part of the agreement. The law regards the sanctity of contracts. It requires parties to do what they have agreed to do. If unexpected impediments lie in the way and a loss must ensue, it leaves the loss where the contract places it. If the parties have made no provision for a dispensation, the rule of law gives none. It does not allow a contract fairly made to be annulled, and it does not permit to be interpolated what the parties themselves have not stipulated." With this principle we fully agree.

In Cochran v. Zimmerman, 253 Pa. 155, it appeared that the occupation of the premises for which rent was claimed was not made impossible by the act of law, but the tenant was required to make certain alterations for the safety of the public. If these alterations had been made, a license to use the house as a theatre would have been granted. The alterations required were of such a character as to require the front of the building to be set back five feet to comply with a city ordinance. The affidavit averred that if the alterations were made the house could not be used as a theatre, because the seating capacity would be so reduced as to make it unprofitable and the stage would be too small. The court below held that the defendants were not released from the payment of rent and made absolute a rule for judgment, and on appeal the judgment was affirmed. In Com. v. Bader, 271 Pa. 308, it was held that "contingencies not provided against in a written contract usually will not excuse performance thereof." See, also, Barns v. Wilson, 116 Pa. 303.

In Goodrum Tobacco Co. v. Potts-Thompson Liquor Co., 133 Ga. 776, it was held that the enactment during the term of a lease, the declared purpose of which was the operation of the leased premises as a "general retail liquor business," of a law prohibiting the sale of intoxicating liquors, did not absolve the lessee from paying the agreed rent in the absence of a provision therefor in the contract. To the same effect are Koen v. Fairmount Brewing Co., 70 S. E. Repr. (W. Va.) 1098; Shreveport Ice and Brewing Co. v. Mandel Bros., 54 So. Repr. (La) 831; Hecht v. Acme Coal Co., 113 Pac. Repr. (Wyo.) 788; Lawrence v. White, 131 Ga. 840.

We are, therefore, of the opinion that the points raised in the affidavit of defence are not sustainable and that the rule for judgment for want of a sufficient affidavit of defence should be made absolute.

Rule made absolute and judgment ordered to be entered in favor of the plaintiff and against the defendant for the sum of $1750, with interest from Sept. 8, 1922, making $2024.16.

Rule made absolute.　　　　From George Ross Eshleman, Lancaster, Pa.