Anheuser-Busch, Inc. v. Lenowitz et al., Appellants.

185

Argued March 5, 1928.

Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Edwin H. Sheporwich,* and with him *G. B. Kleeman,* for appellants, cited: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428.

*Mitchell Jenkins* of *Jenkins, Turner & Jenkins,* for appellee.

OPINION BY CUNNINGHAM, J., July 12, 1928:
The action below was assumpsit to recover $1,348,

with interest, as the contract price of a car of sugar shipped by plaintiff to defendants and accepted by them. At the conclusion of the testimony the learned trial judge directed a verdict in favor of plaintiff for the amount claimed and, after denying defendants' motions for a new trial and for judgment n. o. v., entered judgment thereon, and we now have this appeal by the defendants. The only substantial reason assigned by defendants for refusing to pay for the carload of sugar admittedly received by them was that the contract was for five carloads and by reason of the failure of plaintiff to ship the remaining four cars in accordance with defendants' instructions to the broker (alleged to have been plaintiff's agent in the transaction) they were obliged to purchase sugar in the open market, in lieu of the four cars contracted for, at a price which exceeded the contract price by the sum of $1,440. Defendants accordingly endeavored to set up a counter-claim for this amount. The pleadings consisted of the statement of claim, the affidavit of defense and counter-claim, and plaintiff's reply. The court below held that the alleged counter-claim was not sufficiently set forth in the affidavit, even if plaintiff's reply thereto was not a sufficient denial, and that there was no evidence upon which defendants were entitled to go to the jury; hence the directed verdict for the proportionate part of the total contract price represented by the car of sugar accepted by defendants.

These facts are uncontroverted: Plaintiff is a Missouri corporation, doing business at St. Louis. Defendants are wholesale grocers at Wilkes-Barre, Pa. The Greenberg Brokerage Company has its place of business in the City of Scranton and its representative, D. H. Greenberg, made weekly trips in the vicinity, usually calling upon the defendants each Thursday. On April 12, 1924, he called upon defendants at their place of business and they gave him an order

for five cars of corn chipped sugar, each car to contain four hundred bags and each bag one hundred pounds at $3.47 per bag. Greenberg prepared and signed a memorandum, designated an "order," setting forth the number of cars, the price "f. o. b. Wilkes-Barre, Pa.," and referring to the sugar as "sold to Wyoming Produce Company, Wilkes-Barre, Pa., for account of Anheuser-Busch, Inc., St. Louis, Mo.," to be shipped by the best and quickest route within sixty days. Plaintiff's statement averred that defendants, by this order, bought the five cars "of plaintiff through plaintiff's duly authorized representative, subject to confirmation by plaintiff." On April 14th plaintiff executed and mailed to defendants a confirmation, in which it acknowledged receipt of their order "through Greenberg Brokerage Company" of five cars of sugar "for shipment within thirty days," and confirmed the order "subject to the terms and conditions of this contract." The price stated was $3.37 net. The letter of plaintiff contained, inter alia, the following provision with reference to shipping instructions: "Shipment to be made as ordered within thirty days from date of this contract unless otherwise stated above. Specifications and shipping instructions to be furnished within ten days from date of this contract. If buyer fails to furnish specifications and shipping instructions, seller may cancel contract or ship at his convenience within thirty days." Upon receipt of this confirmation defendants protested to Greenberg Brokerage Company that their order was for shipment within sixty days and the confirmation was for shipment within thirty days, but, upon being informed that plaintiff would confirm only at thirty days, agreed to this modification. Although the parties disagree upon the question of shipping instructions there is no controversy about the fact that plaintiff shipped one car on August 6, 1924, which was accepted and used by defendants and is the car upon

which plaintiff bases this suit. There is also no dispute about the fact that on August 27, 1924, plaintiff canceled the contract as to the remaining four cars.

As respects shipping instructions, the testimony of plaintiff's sales manager was that none were received from defendants, either directly or through the brokerage company, prior to June 20, 1924; that instructions were then received from the brokerage company in behalf of defendants covering the one car which was shipped; and that no instructions were ever received from any source for the other four cars. On the other hand, one of the defendants testified that about April 17, 1924, they gave the brokerage company verbal instructions to ship one car immediately and the remainder at the rate of one car each week, which instructions were confirmed by Greenberg in a letter dated the day following, and that they made repeated demands for delivery. When objection was made to the offer of this letter in evidence upon the ground that it had not been sufficiently proven, counsel for defendants announced that Greenberg was present in court and would be called by them. The record reads: ''By Mr. Sheporwich: We will follow it up by proof that that letter was sent by him. By Court: Well, call Mr. Greenberg. By Mr. Sheporwich: We will call him later. By Court: You may continue your examination of this witness on other points.'' This promise was not kept. Greenberg, who unquestionably had knowledge of facts material to the issues between the parties, was not called by either of them and the letter was not again offered. At this point we may say that we do not deem it material to inquire whether the broker in this case was the agent of plaintiff or of defendants, or of both, as in Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, 193. In our opinion the case does not turn on this question. Even if we resolve every conflict in the testimony in favor of defendants and give them the benefit of every inference arising

therefrom by assuming that the brokerage company was plaintiff's agent and that shipping instructions to it were instructions to the plaintiff, whether communicated to plaintiff or not, all this does not furnish a defense against payment for the one car, which, although shipped subsequent to the thirty-day period, was accepted and used by defendants, unless they have established by admissions in the pleadings, or by evidence, a valid counter-claim growing out of the failure of plaintiff to ship the remaining four cars. Assuming that plaintiff was in default with respect to the four cars, did defendants plead or prove such facts as, if admitted by plaintiff or believed by the jury, would sustain their counter-claim? The counter-claim was set up in the fifteenth and sixteenth paragraphs of the affidavit of defense which read:

"15. That on August 27, 1924, the date when plaintiff alleges it cancelled the balance of said order, viz: four carloads of corn sugar, or 1600 bags, each bag weighing 100 lbs., at $3.37 per bag, the market or current price of corn sugar such as was contracted to be shipped to defendants by plaintiff in contract marked 'Plaintiff's Exhibit Three' was $4.27 per bag, at the place of delivery, namely, Wilkes-Barre, Pa.

"16. That immediately after and by reason of the failure of the plaintiff to ship to defendants the said remaining four carloads of corn sugar, the defendants were forced to go out in the open market at Wilkes-Barre, Pa., and repurchase the same, and were forced to pay for the same at the rate of $4.27 per bag of one hundred pounds, thus sustaining a loss of $1,440 over and above the contract price." Plaintiff's reply reads: "Plaintiff, having no knowledge of the facts, neither affirms nor denies the averments of paragraphs fifteen or sixteen of the affidavit of defense, and for further answer thereto, refers to the preceding paragraphs hereof." Assuming that this reply is not a sufficient denial of any facts properly pleaded,

the question still remains whether a valid counter-claim was sufficiently set forth.

Defendants offered in evidence the above quoted paragraphs from the pleadings and apparently relied upon the alleged admission in plaintiff's reply as sufficient to establish their counter-claim. No attempt was made at the trial to prove the market price, upon any particular date, of the grade of sugar contracted for; what amount of sugar defendants actually bought; from whom it was purchased; whether all at one time or upon different dates; or the price or prices actually paid. These material facts were all within the knowledge of defendants, but they did not see fit to disclose them either in their pleadings or by their evidence. The only evidence on this subject is that of one of the defendants who testified: "I was forced to go in the market and buy other sugar, because I had to fulfill my orders against this contract. ...... By Court: Q. When did you go into the market? A. In August, as soon as I saw they did not ship any more sugar." The failure to offer any evidence in support of their counter-claim was not an oversight. When defendants were about to close their case the court said: "You are weak on two points, Mr. Sheporwich, in the first place you did not prove by this witness [one of defendants] what the enhanced price was, and you are standing on very insecure foundation when you rest on averment in the reply, and you haven't got that letter in." Defendants were afforded every opportunity to prove the facts essential to support their counter-claim but declined to heed the warning of the court that they were deliberately running the risk of having a verdict directed against them. The averments of a counter-claim must be set forth by a defendant in his affidavit of defense with the same clearness and particularity required of a plaintiff in his statement of claim: Appleby v. Barrett, 28 Pa. Superior Ct, 349, 352; Frick and Lindsay Co. v. Kent

and Kervin, 265 Pa. 264, 267. Under all the circumstances disclosed by this record a majority of the members of this court agree with the conclusion reached by the court below to the effect that the defendants neither sufficiently pleaded nor proved their alleged counter-claim. In Gross v. Exeter Machine Works, Inc., 277 Pa. 363, 368, the Supreme Court, referring to the counter-claim in that case, said: "It would be worthless as a plaintiff's statement of claim and is equally so as a counter-claim, which must be stated with the same certainty: O'Neil v. Burnett, 263 Pa. 216." We think this language may properly be applied to the counter-claim in this case.

The judgment is affirmed.

KELLER and HENDERSON, JJ., concur in the judgment.