## Arnold v. Caine, etc.

*J. H. Geisenberger*, for plaintiff.

*H. Frank Eshleman* and *F. Lyman Windolph*, for defendant.

SCHAEFFER, P. J., January 29, 1943.—Defendant has petitioned the court for a more specific statement of claim in an action of trespass brought by plaintiff to recover damages caused by the alleged negligence of defendant in failing to repaint and repair an advertising sign erected on the premises of Mary S,

Strickler located on the south side of the Lincoln High-way in Hellam Township, York County, Pa. It is averred that four of plaintiff's cattle died of lead poisoning the latter part of May 1940, by reason of having eaten dried paint which had fallen from the sign and which was lying on the ground or in the grass adjacent thereto. In plaintiff's statement of claim it is alleged that, by virtue of an oral contract between plaintiff and Mary S. Strickler, plaintiff "possessed and enjoyed the right to graze cattle belonging to him on certain premises belonging to or managed and controlled by the said Mary S. Strickler." Defendant contends that plaintiff should aver the terms or consideration of said oral agreement. The consideration of this oral contract is not material to the issue in this case and the detailed terms of the contract need not be averred as a pleading, but the burden of proof rests upon plaintiff at the trial to establish the contractual relationship between said parties as averred in the statement of claim. It is a matter of evidence which need not be set forth in a pleading.

The second objection raised by defendant is that plaintiff averred that the market value of the four head of cattle is $800 and that the same should be itemized with respect to each head of cattle. Defendant also asks that plaintiff aver their age, breed, and sex.

The particularity with which the items of damage are set forth in an action of trespass is practically similar to that of an action of assumpsit under the Practice Act of May 14, 1915, P. L. 483: Bollinger v. Greenaway, 38 Lanc. L. R. 588. All claims for damages which are susceptible of being itemized should be set out specifically so far as practicable. The lumping or the statement of a gross sum for various and distinct items should be avoided: Bittner et ux. v. City of York (No. 1), 30 Dist. R. 956; Frick & Lindsay Co. v. Kent & Kervin, 265 Pa. 264 (1919). As stated in

3 Standard Pa. Practice 416, §185, with respect to particularity in items of damages: "The decisions are not entirely harmonious." In Herring v. East Penn Electric Co. et al., 28 D. & C. 459, 462 (1936), Hicks, P. J., of Schuylkill County, in a comprehensive opinion said:

". . . there has been a notable confusion among the cases as to the necessary particularity of damages in actions of trespass. However, an examination of these cases reveals that, although the results of some cases are irreconcilable, there is a tendency toward uniformity of result on similar fact situations."

He divides the cases relating thereto into three classes.

While there is some merit in defendant's contention that the market value of each head of cattle should be set forth in plaintiff's statement of claim, nevertheless, it is not similar to a case where various or distinct items of damages are involved. In the instant case the value of the cattle can be fixed at the trial by any witness qualified to testify in that respect. The nature of plaintiff's evidence at the trial will determine the valuation to be placed by such a witness for defendant on either one or more of the cattle. In American Full Fashioned Hosiery Mills, Inc., v. Smith et al., 47 Lanc. L. R. 356, it was decided that what constitutes a proper statement depends largely on the facts and circumstances of each particular case. A general requirement is that plaintiff in his statement disclose for the information of defendant the essential facts to enable defendant to make a proper defense and prepare for trial. The court concludes that the facts in the instant case are sufficiently set forth in plaintiff's statement of claim.

And now, January 29, 1943, the rule for a more specific statement of claim is discharged.