BENJAMIN B. WILLS, to and for the use of Boat Sales, Inc., a corporation of the District of Columbia, and BOAT SALES, INC., a corporation of the District of Columbia, Plaintiffs, v. GEORGE E. SHOCKLEY, Defendant.

(*January* 8, 1960.)

STOREY, J., sitting.

*Houston Wilson* and *John B. Cullen* (of Washington, D. C.) for the Plaintiffs.

*Frederick P. Whitney* for the Defendant.

Superior Court for Sussex County, No. 22, Civil Action, 1956.

STOREY, J.:

This action for breach of contract was heard by this Court, sitting without a jury, upon complaint and answer filed by the plaintiffs and the defendant, respectively.

At the end of plaintiffs' case, defendant moved for a dismissal of the action, on the ground that plaintiff had not proven his case. Decision was resrved. Defendant's motion for dismissal is denied.

By the terms of a salvage agreement, apparently entered into under date of February 7, 1953, the defendant, George E. Shockley, agreed with the plaintiff, Benjamin B. Wills, owner of the boat Benjamin Bros. II, to raise and float the boat, and to keep her afloat until she was docked in Baltimore, Maryland, whereupon the owner was to receive the cable and one-half of the fair worth of the boat. The contract between the parties was absolute, without any exculpatory clause in case of unfavorable weather, unforeseen circumstances or otherwise. After the making of the contract, the boat slipped off the rocks at Reedy Island, where she had been aground, and sank in deep water, where she filled with mud, making it impossible for the defendant to raise her.

The question before this Court is whether the intervening impossibility of performance absolves the defendant from liability for non-performance of a contract which he had entered

into, and as to which he was under an absolute duty to raise the boat in question.

In this regard, the following quotation from 17 *C. J. S. Contracts* § 463d, pages 955-956, seems pertinent:

"In the absence of a statute to the contrary, the general rule is that an absolute undertaking is not discharged by a subsequent act of God rendering the performance onerus or even impossible. Although the promisor cannot be compelled to perform an undertaking impossible of performance through an act of God, he cannot, on the ground of hardship or impossibility, escape liability in damages, in the absence of a reservation covering such impossibility of performance."

For decided cases which support this proposition, the following are cited: *Megan v. Updike Grain Corp.*, 8 *Cir.*, 94 *F.* 2d 551; *Standard Oil Company of New York v. Central Dredging Company*, 252 *N. Y.* 545, 170 *N. E.* 137; 225 *App. Div.* 407, 233 *N. Y. S.* 279; *Gross v. Exeter Machine Works*, 277 *Pa.* 363, 121 *A.* 195; and *Tennessee Electric Power Co. v. White County*, 6 *Cir.*, 52 *F.* 2d 1065.

Plaintiffs' position seems strengthened in this instance, for defendant, who had many years of experience in the field of salvage, entered into an absolute commitment in writing to raise and float the boat and keep her afloat until she could be docked in Baltimore, Maryland.

At the time of entering the contract, defendant did not see fit to relieve himself from liability for his failure to perform by reason of any subsequent difficulty or difficulties which might arise from any sourse whatsover. Not having done so, he is now obligated to perform the contract according to its terms, or upon his failure so to do, he is liable to the plaintiff for the damages resulting therefrom. See 17 *C. J. S. Contracts* § 463d, pages 955-956, and 12 *Am. Jur., Contracts*, Section 363 at pages 930-932, and cases therein cited.

I quote a few pertinent sentences from said Section 363:

"In an ancient English decision it was declared that where the law creates a duty or imposes a charge and the party is disabled to perform it without his fault and has no remedy over, the law will excuse him, *but where a party by his own contract creates a duty or imposes a discharge upon himself, he is bound to make it good if he may, notwithstanding any accident by inevitable ncessity, because he might have provided against it by his contract. This language has been frequently repeated. That early English decision has often been referred to as a leading one and as establishing the rule that where there is a positive contract to do a thing, not in itself unlawful, the contractor must perform it or pay damages for not doing it, although, in consequence of unforeseen accidents, the performance of his contract has become unexpectedly burdensome or even impossible.*" (Emphasis added.)

It is established that it is impossible for the defendant to perform his duty under the contract but the defendant is liable under the terms thereof, and, therefore, I find for the plaintiffs.

■ The only testimony adduced as to the value of the boat was from $20,000 to $25,000, at Baltimore, and the cost of reconditioning her at Baltimore was fixed at approximately $2,000. However, the total damages claimed in the complaint is $5,000. The sum of $450 was claimed for loss of cable, but this item is disallowed by reason of the fact that there is no competent evidence as to the value of the cable at the time it was lost.

I, therefore, arrive at the amount of the judgment in this case by deducting the sum of $450 from the sum of $5,000 claimed, leaving a balance claimed of $4,550, for which amount judgment is hereby granted for plaintiffs, and against the defendant, together with costs of suit.

Order, in conformity herewith, will be signed on presentation.