James Schleicher and Adolph Schleicher, trading as Schleicher, Schumm & Co., *v.* United Security Life Insurance and Trust Company, Appellant.

*Contract—Delay in fulfilling contract.*

In an action upon a contract which provides that if there shall be any difficulty as to the work giving satisfaction, the contractor is to make it entirely satisfactory, he is entitled to a reasonable time to make it satisfactory, and if the evidence is conflicting as to the extent of the delay, and as to whether he was given an opportunity to make it satisfactory, the case is for the jury, and a verdict and judgment in favor of the contractor will be affirmed.

Argued Jan. 24, 1899. Appeal, No. 251, Jan. T., 1898, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1889, No. 39, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit upon a contract in writing. Before BIDDLE, P. J.

The facts appear by the charge of the court which was as follows:

This is an action brought by Schleicher, Schumm & Co. against the United Security Life Insurance and Trust Company. The claim is for payment for the construction of a passenger eleva-

tor in its building. The contract in this case is not disputed it is in writing, and there is no question that that is the contract which is to govern the parties. The law in this case is not disputed. So, upon those two points, the parties and counsel are agreed. That being the case, of course there is very little that I can say to you. The case has been so fairly tried by the distinguished counsel who have conducted it that it is unnecessary to do more than to call your attention to the main question which it is for you to decide.

Now, the contract in this case which was finally agreed upon, after a correspondence, was dated Philadelphia, October 25, 1888, and reads as follows:

"Messrs. Schleicher, Schumm & Company.

"Dear Sir: We hereby accept your proposition for putting in our building, 603 Chestnut street, an elevator to run from the basement to the fourth floor for the sum named in your proposition, that is, thirty-four hundred and five dollars ($3,405.00) for this entire work, when completed and working to the entire satisfaction of this company. The whole work and material to be of the best, and should there be any difficulty as to the work giving satisfaction, then you are to make it entirely satisfactory or to take it away and replace it with one that will be so. The whole work to be completed not later than December 20, and if not done at this date, then a penalty of say five dollars a day will be allowed for any time over this.

                              "Respectfully yours,
    (Signed)                     "WILLIAM VERNER,
                                      "President."

That was the entire contract, with the modification which was stated in the reply to this letter, which said, "We have your favor of the 25th with acceptance of our offer for engine and elevator, which is in order, excepting, however, that in case of delay from causes not within our control, the forfeit is not to take effect."

That is the whole of the contract between the parties.

Now, where a man makes a contract of that character and agrees that the work was to be to the entire satisfaction of the company, he makes the company the judge of that question. It is not enough to say, you ought to be satisfied. He has the

right to say he is not satisfied, and that is binding, unless it is a frivolous or capricious objection, in order to avoid taking the machinery which is offered to him. Now, in this case I do not think it is contended on either side that the defendant did not properly express his dissatisfaction as to the condition in which the elevator was. The point in this case is, and it is contended by the plaintiffs in this case, that he was entitled to a reasonable time in order to correct the defects in the machine before it was offered to this party as a complete machine. And he contends it was never offered to this party as a complete machine because he was prevented by the action of the defendant from making it complete. The second point is that, even admitting that the defendant was right in saying that it was not substantially complete, and that it had a right to say so, yet, still, after that a second contingency arose. " The whole work and material to be of the best, and should there be any difficulty as to the work giving satisfaction, then you are either to make it entirely satisfactory or to take it away and replace it with one that will be so." So that the contention of the plaintiffs is on these two points; that they were not offered a fair opportunity to present it in its completeness, that they were not allowed sufficient time to make it satisfactory. That, it seems to me, is the whole question in this case. Of course, there should be a reasonable time allowed for both of these things. It would be idle and absurd to say a man could go on forever tinkering at a machine of this kind, but he ought to have what, in a business point of view, would be a reasonable and fair opportunity, to put his machine to the best advantage, and if, after a reasonable and fair opportunity, he did not present it in such a condition as his contract called for, he cannot recover.

In regard to the question of time which has been fixed upon, it will be noticed that the modification which I read to you was, if delay arose from causes not within their control, the forfeit was not to take effect. The plaintiffs' explanation of that is that originally he was to complete the whole machine, along with what is called the cage, and that subsequently the part in relation to the cage was taken from him, and he made an allowance in consequence of the fact he was not obliged to furnish it, and he attributes his delay in completing it at the proper time mainly to the fact that the person who was to fur-

nish this cage did not furnish it when they were ready for it, and, of course, until it was furnished the machine could not be completed, and by reason of that and other causes he was really excused from completing it at the time he was required by the contract.

On the other hand, it is contended by the defendant, even if plaintiffs were entitled to a moderate delay, they were not entitled to the delay they claim, and that throughout this whole work the defendant company gave every opportunity that it thought reasonable to have all the faults corrected, and when it was applied to, asking other opportunity to do so, it did not hesitate to grant the request. [So that the main question for you to decide in this case is that. Do you believe that they had a fair and reasonable opportunity to finish this machine and tender it to the defendant, or do you believe they had a reasonable opportunity if it was unsatisfactory to make it satisfactory? If they had not, your verdict should be for the plaintiffs.] [7] If, however, you think the defendant fairly did all he agreed to do and gave every opportunity a reasonable man had a right to ask to have this thing perfected, then your verdict should be for the defendant.

[When I use the word, "finished," as to the machine, I mean substantially finished. If there was some trifling matter, which would enable a person to say, "I have not entirely finished it; I haven't put in a tack or nail, or something"—I don't mean that. I mean in such condition as would justify the statement that it was substantially finished—then the defendant had a right to exercise his option about it.] [8] The defendant's points are declined except as answered in the charge.

The defendant's points were among others as follows:

1. Under the terms of the contract, the money for the elevator was to be paid for the entire work only when completed and working to the entire satisfaction of the defendant company. That being so, the question of the running and working of the elevator was left to the judgment of the said defendant company, and unless there was caprice in the exercise of its judgment, the plaintiffs were bound by it, and in that event your verdict must be for the defendant. [1]

2. The evidence in this case, and especially the correspondence, shows that the objections which were made to the elevator

at various times were made in good faith, and many of them were recognized as being just, by the plaintiffs, who attempted to remedy them. That being so, as a matter of law, the judgment of the defendant corporation was exercised fairly and not capriciously; therefore your verdict must be in its favor. [2]

3. It having appeared from the evidence in this case that the elevator was completed sufficiently to enable the defendant, by riding passengers in it and otherwise, to determine whether it was or would be satisfactory, therefore the rejection of the elevator by the defendant company was not premature, and under the terms of the contract, not being satisfied with it, the company had a right to reject it; therefore your verdict must be for the defendant. [3]

4. It having appeared from the evidence in this case that the elevator was so far completed as to enable the defendant to understand how it would operate, therefore it was not bound to wait an unreasonable time for the entire completion of some minor matters, but the plaintiffs having agreed to complete the whole work not later than December 20, 1888, and the cause of the delay in its completion being within the control of the plaintiff, defendant had the right to reject it as being unsatisfactory; therefore your verdict must be for the defendant. [4]

5. It having appeared from the evidence that as late as the month of June, 1889, the elevator had not been completed, defendant, by this lapse of time, was justified in rejecting it, and therefore your verdict must be for the defendant. [5]

6. If the jury believe from the evidence that the defendant in order to assist it in exercising its judgment as to the construction and working of the elevator called in an impartial expert for the purpose of making an examination thereof and a report, then that fact shows that there was no caprice in the exercise of the judgment of the defendant in rejecting the elevator; therefore your verdict must be for the defendant. [6]

8. Under all the evidence your verdict must be for the defendant. [9]

Verdict and judgment for plaintiff for $5,232.92. Defendant appealed.

*Errors assigned* were (1–9) above instructions, quoting them.

*J. Campbell Lancaster* and *Wm. Henry Lex,* for appellant.—
The defendant's contention, is simply this : That the judgment
as to the work giving satisfaction, the manner of its giving
satisfaction, and the time in which it was to be satisfactory
were left entirely within the discretion and the judgment of the
defendant company: Singerly v. Thayer, 108 Pa. 291 ; Seeley v.
Welles, 120 Pa. 69; Sidney School Furniture Co. v. Warsaw
School District, 130 Pa. 76 ; Stutz v. Coal & Coke Co., 131 Pa.
267 ; Howard v. Smedley, 140 Pa. 81 ; Kennedy v. Poor, 151
Pa. 472 ; Boiler Works v. Schnader, 155 Pa. 394.

*John G. Johnson,* for appellees, cited Singerly v. Thayer,
108 Pa. 291; School Furniture Co. v. Warsaw School Dist.,
130 Pa. 76.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 15, 1899:
In view of the provisions of the contract between the parties,
and the evidence as to what was done thereunder, etc., the
learned president of the court below rightly refused to affirm
defendant company's first six points for charge, " except as an-
swered in his general charge." Each of these points is practi-
cally a request for binding instructions in defendant's favor,
and neither of them could have been affirmed, as presented,
without ignoring the questions of fact referred to in the seventh
specification, and upon which the case was properly submitted
to the jury by whose verdict those questions were determined
in plaintiffs' favor.

For substantially the same reason, the defendant's last point,
" That under all the evidence your verdict must be for the
defendant," was rightly refused without any qualification.

The first six and the ninth specifications are therefore dis-
missed without further comment.

After referring, in his general charge to the plaintiffs' con-
tention and commenting thereon, the learned trial judge pro-
ceeded to instruct the jury thus: " On the other hand, it is
contended by the defendant that even if the plaintiffs were
entitled to a moderate delay, they were not entitled to the de-
lay they claim, and throughout this whole work the defendant
company gave every opportunity that it thought reasonable to
have all the faults corrected, and when it was applied to, asking

other opportunity to do so, it did not hesitate to grant the request. So that the main question for you to decide in this case is this: Do you believe that they had a fair and reasonable opportunity to furnish this machine, and tender it to the defendant, or do you believe they had a reasonable opportunity, if it was unsatisfactory, to make it satisfactory? If they had not, the verdict should be for the plaintiffs. If, however, you think the defendant did all it agreed to do and gave every opportunity a reasonable man had a right to ask to have this thing perfected, then your verdict should be for the defendant."

About the latter half of this quotation,—excepting the last sentence thereof,—commencing with the words, "So that the main question," etc., constitutes the seventh specification.

Without unnecessarily consuming time by referring in detail to the evidence relating to the subject-matter of that part of the charge complained of, it is enough to say that it was quite sufficient to justify the instructions above quoted, part of which only is recited in the specification. There was therefore no error in thus submitting to the jury the questions of fact presented by the evidence; and the verdict in plaintiffs' favor necessarily implies a finding by the jury, in their favor, of the facts submitted to them.

The instructions recited in the eighth specification are merely explanatory of those which preceded, and are free from error.

We find nothing in any of the specifications that requires further notice. The case appears to have been carefully and accurately tried, and the judgment should not be disturbed.

Judgment affirmed.