## Horewitz, Appellant, *v.* Franklin Foundry Co.

*Sale—Contract—Future deliveries—Failure to deliver—Misconduct of purchaser.*

1. Where a contract of sale provides for future deliveries to be completed within a period stated, and the seller endeavors to make deliveries in the manner provided by the contract within the time specified, and is prevented by the buyer's misconduct, the latter is not thereby relieved from his obligation.

2. Where the proofs of the respective parties are partly oral and partly written, the case is for the jury, under the proper instructions of the court.

Argued October 18, 1923. Appeal, No. 162, Oct. T., 1923, by plaintiff, from judgment of C. P. Venango Co., Aug. T., 1921, No. 47, on verdict directed for defendant, in case of Charles Horewitz v. Franklin Foundry Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for breach of contract. Before CRISWELL, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant. Plaintiff appealed.

*Error assigned* was portion of charge directing verdict for defendant, quoting it.

*John H. Wilson,* with him *A. B. Jobson,* for appellant.

*W. M. Parker,* with him *J. D. Trax,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

Plaintiff is a junk dealer at Butler and defendant a corporation in business at Franklin. The action is based on defendant's alleged breach of a contract for the purchase of a quantity of scrap iron. The trial judge directed a verdict for defendant and, from judgment entered thereon, plaintiff brought this appeal. We are satisfied from an examination of the record that the case was for the jury. Plaintiff's averment that on March 12, 1920, he contracted orally to sell the defendant five hundred tons of number one machinery scrap, at $42 a ton, is supported by his testimony and to some extent by the correspondence, while denied by evidence for the defendant. That question was undoubtedly for the jury, but the trial judge held defendant relieved from the contract, if made, by reason of plaintiff's failure to deliver or tender delivery of the scrap within the time fixed by the contract. This conclusion overlooks the evidence tending to show that defendant was responsible for such alleged failure. Defendant did not have storage for the entire amount at any one time and plaintiff's version of the contract is that the scrap was to be in car lots, from time to time as requested by defendant, and to be completed within three or four months. At first a sample car was shipped and accepted and there-

after two other cars, making in all 132 tons. Meantime, and within the four months, plaintiff was offering to make further deliveries, which defendant declined to accept, alleging lack of storage room and requesting delay. For example, plaintiff wrote defendant on May 25, 1920, stating: "We are ready to ship you two more cars of cast scrap, but before we bill same out we would like to know if you are in a position to receive and handle the same. Kindly let us hear from you by return mail." To which defendant answered, June 1st, saying: "Ship first car June 7th. Second car in about one week after." But the next day wrote again as follows: "Disregard our letter of yesterday and do not ship us any scrap until further notice from us. We are crowded for yard room and will be unable to handle any more stock until we can clear out what we now have in stock." During the next month (July), however, plaintiff shipped defendant two cars of scrap which it declined to accept, still alleging, as plaintiff testifies, lack of storage room, but finally accepted one and plaintiff sold the other elsewhere. Thereafter, on September 24, 1920, defendant wrote, in answer to plaintiff's offer to make further deliveries: "Our embargo on scrap still holds good until further notice. If you ship us any material until you receive definite orders from us to do so, you will be shipping at your own risk, for we will refuse to receive it until our yard has been cleared out a good deal more than it is at present." By later correspondence, plaintiff renewed his offer and declared his ability to deliver the balance of the 500 tons, which defendant declined to accept, still alleging lack of room, until, November 27, 1920, it refused all further deliveries, denying the alleged contract and averring it had ordered only the three cars, already delivered. Meantime, the price of scrap had declined, hence this suit. In view of what is above stated, it was error to hold, as matter of law, that plaintiff breached the contract by failing to deliver the scrap within the four months. Where the seller tries to make

180 HOREWITZ, Appel., v. FRANKLIN FOUNDRY CO.

delivery, as the contract provides, and is prevented by the buyer's misconduct, the latter is not thereby released from his obligation. Furthermore, the evidence to which we have referred would justify a finding that defendant had waived the stipulation as to the time for delivery of the scrap. Plaintiff's statement of claim covers the whole case, including the failure to make deliveries and the cause thereof, and affords no ground for appellee's contention that under the pleadings and evidence the verdict was properly directed. The proofs in support of the contentions of the respective parties, being partly oral and partly written, were for the jury under proper instructions.

The judgment is reversed and a venire facias de novo awarded.