## Sentry Safety Control Corp. v. Jaybee Amusement Company, Inc., Appellant.

Argued November 23, 1933.

Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and James, JJ.

*Joseph M. F. Ryan,* and with him *Israel Stiefel,* for appellant.

*Albert H. Friedman,* and with him *Peter P. Zion,* for appellee.

Opinion by Stadtfeld, J., December 16, 1933:

This is an appeal by defendant from the order of the court below discharging a rule to show cause why

a judgment in the sum of $647.77 entered against it, pursuant to a warrant of attorney contained in a written agreement between it and plaintiff company, should not be opened and defendant be permitted to defend.

Plaintiff is a corporation engaged in the leasing of automatic fire control devices which are attached to motion picture projectors in motion picture theaters.

The defendant is the owner and operator of certain motion picture theaters including one known as the Regis Theater, 1526 W. Cumberland Street, Philadelphia.

On November 13, 1931, a written agreement was entered into between the Sentry Safety Control Corporation, plaintiff, and Jaybee Amusement Company, Inc., defendant, under which plaintiff leased to defendant, for the period of five years as of December 1, 1931, two "Sentry" devices attached to two "Powers Projectors" equipped with Universal Sound Equipment, and for which defendant agreed to pay a rental of $1.25 per month monthly in advance. The agreement provided, inter alia, that if the lessee shall fail to perform any of the provisions of the agreement, the lessor may elect to consider the full amount of rent remaining unpaid as forthwith due and payable and authorizes the confession of judgment against lessee for said amount, with costs of suit, etc.

On January 26, 1933, an averment of default was filed and judgment entered against defendant in the sum of $647.77.

On February 4, 1933, on the petition of defendant a rule was granted to show cause why the judgment should not be opened and defendant permitted to defend. The petition averred that plaintiff company on or about December 1, 1931 had installed two Sentry devices attached to the motion picture machines in defendant's theater, and had since said date rendered services to defendant until the beginning of November,

1932. That on or about said latter date defendant had installed new motion picture machines in said Regis Theater, and requested plaintiff company to equip the new motion picture machines with the Sentry devices. That upon the refusal of plaintiff company to so equip the new machines it was forced to operate the same without any Safety Sentry device until about December 20, 1932 when it received notice from the office of the fire marshal to immediately place an approved safety device on the projectors, and threatening if not done the refusal of a license for the year 1933 for the operation of the theater; that thereupon defendant by letter again requested defendant to install the Sentry safety controls on the new equipment, to which plaintiff by letter replied that the Sentry safety controls are designed and manufactured for installation only on standard full size projectors for theater use, and that it does not and would not make safety equipment for special or portable projectors for theater use; that thereupon defendant company installed a different approved device in said theater. By stipulation of counsel it was agreed that additional averments should be deemed as inserted in defendant's petition, that the irreparable breakage of defendant's Powers motion picture machines to which plaintiff had attached its two Sentry devices had constrained defendant to remove the Powers machines and install in their place new machines; that it could not obtain a new set of Powers projectors and had installed at its Regis Theater the "Simplex Acme" motion pictures machines; that it had returned to plaintiff company and it had accepted the two Sentry controls installed by plaintiff on the Powers projectors in said theater.

To said original petition and rule granted thereon plaintiff filed its answer averring that the controls installed pursuant to the written contract with the defendant were still attached to the projectors in defendant's theater and had not been returned to plain-

tiff; that plaintiff had never contracted with the defendant to equip the projecting machines which defendant had installed in November, 1932, in said theater; that the projecting machines which defendant had in operation in its Regis Theater on November 13, 1931, at the time of entering into the contract between the parties, were equipped with safety controls by plaintiff in accordance with its contract and serviced by it at all times since December 1, 1931; that it had inspected the new projectors which defendant had installed in the Regis Theater and informed the defendant that the said projectors were not of a standard type and that the control which plaintiff had rented was not constructed to function on that type of projector. It further averred that it had informed defendant that plaintiff had not undertaken to equip every and any projector which defendant might seek to install in its theater, and denied that it was obligated, under its contract, to equip the motion picture machines then in its theater with safety devices. By stipulation of counsel, it was agreed that additional paragraphs should be deemed as inserted in said answer, denying that defendant company could not obtain a new set of Powers projectors, and averring that Powers projectors were available in the open market at Philadelphia for purchase in September and October of 1932 and that defendant could have purchased new Powers projectors of the same type which it had been using in its theater during the term of their contract with plaintiff; that the Simplex Theater Projector of standard theater equipment could have been purchased by the defendant in September and October of 1932, and that had it purchased the same the controls which plaintiff had leased to defendant could have been attached thereto, thus enabling plaintiff to render services to defendant in accordance with their contract; that the projector which defendant pur-

chased and installed in October, 1932, was a Simplex Acme semi-portable projector and not standard theater equipment. Plaintiff admitted that defendant had since returned to plaintiff the two controls leased to them by plaintiff, but denied that plaintiff had accepted the said return, and that the controls were left at plaintiff's place of business by the defendant or its agents. Plaintiff further averred that it had at all times been ready, able and willing to perform services to defendant in accordance with its contract but that defendant had rendered it impossible to perform the same by reason of the removal of said controls from the theater.

Depositions were taken ex-parte defendant in support of its petition. They establish that at the time the contract between the parties was executed defendant was using the Powers machines and that plaintiff had never ceased to render service; that when the Powers machines started to give trouble and could not be used defendant company decided to replace them with Simplex Acme machines in October, 1932; that after their installation the fire marshal notified defendant that unless a fire safety device was attached, it would not be allowed to operate said theater; that plaintiff company sent a man up to see whether the Sentry safety controls could be installed on the Simplex Acme machines; that they were not installed and another device, known as Vigilant safety device, was installed by defendant; that the Sentry safety controls were used until October, 1932, when defendant stopped using Powers projectors. It appeared that the Simplex Acme machine installed by defendant is the first one installed in Philadelphia. It is manufactured by the International Projector Corporation which also manufactures the Simplex. It also formerly manufactured the Powers projectors, but discontinued making the same. Mr. Harry Blumberg, branch manager

in Philadelphia for the National Theater Supply Company, sole distributor for products manufactured by the International Projector Corporation, testified in one part of his depositions that the Powers projectors were discontinued a couple of years ago; later on he stated it was four years ago. He also testified that the International Projector Corporation makes projectors of two types—one standard theater type and the other portable projector which can be used for theater or educational purposes; that on the Simplex regular theater size projector the Sentry safety control attached to the Powers machine can be attached; that his company still sells rebuilt Powers projectors, but the customers are warned that they buy them at their own risk.

Mr. C. W. Treen sound and installation engineer for the National Theater Supply Company, testified that he had examined the Powers projectors in defendant's theater and found them very bad and worn out; that the gears were worn very sharp and the bearings also worn out and impossible to correct.

Mr. Stiefel, president of defendant company, testified that the Powers machines were completely worn out and beyond repairs; that he was advised by Mr. Blumberg that the manufacturer had ceased making Powers projectors; he (Stiefel) figured that if he bought plain Simplex machines without sound he would have to negotiate with the Western Electric Company for sound equipment which would involve a ten-year contract amounting to about $15,000. He therefore bought and installed the Simplex Acme projectors in the Regis Theater.

The rule to open the judgment was discharged by the court, McDevitt, J., on June 26, 1933. On July 12, 1933, a rule was granted to show cause why the rule to open should not be reargued. This rule also was discharged on September 18, 1933. From these

orders refusing to open the judgment, this appeal was taken.

There is no substantial dispute as to the facts. The sole question is the proper interpretation of the written contract between the parties. Appellant invokes the doctrine of the implied term, whereby a contract may be discharged through subsequent impossibility of performance and cites in support of his position, inter alia, the case of Wertz v. Klinger, 25 Pa. Superior Ct. 523. In that case the owner of canal boats granted to the defendant the right to use the boats over a certain canal and was given by the defendant several notes as security for the installment payments. The canal was abandoned, the boats could not be used, but the plaintiff proceeded, however, with obtaining a judgment against the defendant. A rule to open the judgment was made absolute and said decision later affirmed by this court. He quotes from the opinion in that case by ORLADY, J.: "The impossibility of performance of the contract was entirely independent of the will and act of the defendant, as the abandonment of the canal was equivalent to the destruction of the boats by the canal company."

He also quotes from Greenberg v. Sun Shipbuilding Company, 277 Pa. 312, 315: "Where a contract relates to the use and possession of specific property, the existence of which is necessary to the carrying out of the purpose in view, the condition is implied by law, just as though it were written in the agreement, that the impossibility of performance, arising from the destruction of the property, without fault of either party, shall end all contractual obligations relating to the thing destroyed."

The cases and principle cited by appellant may readily be distinguished from the instant case. Under the terms of the contract, the parties contracted solely in relation to the "Two (2) Sentry devices attached

to two (2) Powers Projectors equipped with Universal Sound equipment," at "Regis Theater, 1526 W. Cumberland Street, Philadelphia, Pa." It did not provide for the installation of safety devices to any other projectors. There is no question as to the condition of the safety devices installed by plaintiff company, or as to its readiness to furnish service in accordance with the terms of the contract. The defense is based solely on the ground that the Powers Projectors, owned and used by defendant, had become worn out and could not be repaired, and that new ones of the same kind could not be obtained. The depositions ex parte defendant show that the manufacturer had discontinued the Powers Projectors in 1929. This fact was or should have been known to defendant company at the time it entered into the contract with plaintiff company on November 13, 1931. In addition it appears that it could in October, 1932, have bought, although at its own risk, rebuilt Powers Projectors. The contention of appellant that plaintiff, under the terms of the contract, had obligated itself to service any and all kinds of projectors which might be installed by defendant would be an unreasonable construction of the contract not warranted under its terms.

The mere fact that defendant company installed a Simplex Acme Projector for which plaintiff's safety devices were not adapted, when it could have purchased rebuilt Powers Projectors, or have installed the Simplex regular theater size projector to which plaintiff's device was attachable, is not a matter for which plaintiff company is responsible; nor is it a sufficient excuse for the refusal to install a regular theater size Simplex Projector that it would entail a large expense for sound equipment.

The parties themselves have made their own contract and the function of the court is to interpret and

enforce it as it has been written, and not to write into it terms not contained therein. The agreement in question contains the provision that "This written agreement embodies the whole agreement of the parties hereto and there are no representations except as contained herein." As stated in Gross v. Exeter Machine Works, Inc., 277 Pa. 363, 367: "Where parties, as here, have deliberately put their agreement in writing stipulating therein that it contains the entire contract, such stipulation forms a material part of the contract and is enforceable as such."

That inconvenience or expense will not relieve a party from performance of a contract, is well settled. Quoting from the opinion by Mr. Justice WALLING in Corona Coal and Coke Company, Appellant, v. Dickinson et al., 261 Pa. 589, 592: "'Inconvenience or the cost of compliance, though they might make compliance a hardship, cannot excuse a party from the performance of an absolute and unqualified undertaking to do a thing that is possible and lawful. Parties sui juris bind themselves by their lawful contracts, and courts cannot alter them because they work a hardship. The rights of the parties must be measured by the contract which they themselves made. A contract is not invalid, nor is the obligor therein in any manner discharged from its binding effect, because it turns out to be difficult or burdensome to perform': 6 R. C. L. p. 997; and see Timlin v. Brown, 158 Pa. 606; Lehigh Valley Coal Co. v. Everhart, 206 Pa. 118; Steele v. Maher, 38 Pa. Superior Ct. 183; Shafer v. Senseman, 125 Pa. 310. 'As a general rule a lessee is not relieved from liability by subsequent developments or changes in the property': 18 R. C. L., Section 99 (p. 1192)."

We see no error in the order of the court below discharging the rule to open judgment.

Order affirmed.