## Berks County Trust Co. v. Zeigler et al.

*John M. Klepser*, for plaintiff.
*Robert B. Smith*, for defendants.

PATTERSON, P. J., December 6, 1941.—Defendants entered into an agreement with McVeys, Inc., agents, April 14, 1941, for the purchase of certain property fronting on Plank Road, at the intersection of Aldrich Avenue, in the City of Altoona, for the total price of $25,000, $1,000 of which was paid as a deposit on account of the purchase price on the date of the agreement. The agreement provided "that in event the title to said property shall not prove merchantable and said seller shall not perfect or be able to perfect the same within a reasonable time from this date the purchaser shall have the option of demanding and receiving back said deposit, and shall be released from all obligations hereunder". It further provides "that this property is sold subject to the approval of the owner, for whom McVeys, Inc., is acting only as agent", etc. Nothing further was done in the matter by either party until August 12, 1941, when the owner, the present plaintiff, Berks County Trust Company, tendered to defendants, at a time and place agreed for meeting, a deed for the premises, fully executed and acknowledged by plaintiff, together with a mortgage and bond to be executed by defendants for a part of the purchase money, in accordance with the terms of the agreement. Defendants refused to pay the purchase money and execute the mortgage and bond, and stated that they had changed their minds.

Plaintiff then brought suit in assumpsit August 19, 1941, to recover the balance of the purchase money, as provided by the terms of the agreement. Defendants filed an affidavit of defense in lieu of demurrer, raising several legal questions, relying principally upon the proposition that the Berks County Trust Company was an undisclosed principal to the contract and was not bound by its terms, for the reason that it had not, as owner of the property, indicated its approval of the contract made by the agent.

An action at law in assumpsit for purchase of land is in legal effect a petition or bill for specific performance of the contract of purchase and is governed by the same equitable principles: Black et al. v. American International Corp., 264 Pa. 260.

In determining the questions raised on affidavits of defense in lieu of demurrer, as well as preliminary objections to a bill in equity, the law requires the court to accept the averments in the bill as true: Naffah v. City Deposit Bank et al., 339 Pa. 157. Therefore, at this stage of the proceeding, the court is bound to accept the averments in plaintiff's statement of claim as true, to wit: "that the plaintiff undertook and bound itself to convey to the defendants" according to the terms of the agreement; that plaintiff, from the date of the agreement, "has always been and now is anxious, ready and willing to comply with all and singular clauses in the said contract on its part to be kept and performed"; that plaintiff did on August 12, 1941, make formal tender of compliance with the contract, and that defendants then and there stated that they had changed their minds.

Defendants' contention that plaintiff being an undisclosed principal could not bring suit is not sustained by the law. Under the new procedural rules, as well as decisions of the appellate courts, it has been held:

"Contrary to the general rule of the prior practice, the provision will also permit a principal to bring an

action in his own name upon a sealed contract made by his own agent although the principal is not a party to the contract": Procedural Rules, Goodrich-Amram, sec. 2002(a)-3; Trustees of Methodist Episcopal Church of Franklin v. Equitable Surety Co., 269 Pa. 411.

Defendants also contend that plaintiff cannot enforce the agreement against them for the reason that plaintiff, owner and undisclosed principal, did not indicate its approval of the contract. This proposition could be sustained if the contract had fixed a definite time for approval and plaintiff had failed to comply within the period fixed. However, this contract did not fix a definite time, but provided that plaintiff could have a "reasonable time" to comply. Plaintiff answers this contention by averring in the statement of claim that it did approve and made formal tender of performance within a period of four months from the date of the contract. The question now to be determined is whether the approval and tender made on August 12th, which was two days less than four months from the date of the agreement, was "within a reasonable time". What is a "reasonable time" is a question of fact, and, under the circumstances in this case, it is a question for the jury: Schleicher, etc., v. United Security Life Insurance & Trust Co., 191 Pa. 477; see also 8 Vale Pennsylvania Digest, "Contracts", sec. 176(10).

## Decree

Now, December 6, 1941, defendants' affidavit of defense in lieu of demurrer is overruled and defendants are directed to file an affidavit of defense within 15 days, in accordance with law.