## Hood v. Meininger, Appellant.

Argued April 19, 1954.    Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

reargument refused June 4, 1954.

*Rowland C. Evans, Jr.,* with him *James Francis Lawler,* for property owner.

*Thomas Raeburn White,* with him *W. Wilson White, John J. Dautrich* and *White, Williams & Scott,* for contractor.

*Samuel I. Sacks,* for contractors.

*Henry E. Skaroff,* with him *Skaroff & Skaroff,* for contractor.

OPINION BY MR. JUSTICE CHIDSEY, May 24, 1954:

These three actions of assumpsit were brought to recover damages for breach of contract and were tried together. The appellant, Margaret Meininger, who was the plaintiff in two of the cases in the court below and defendant in the third, successively employed three independent contractors, appellees herein, to repair and remodel certain buildings on her farm in Perkasie, Pennsylvania.

The first contractor, appellee Robert Gerling, entered into an oral contract with the appellant in February, 1948 to make these alterations and improvements. After work had progressed under this contract, because of certain differences between the parties, they executed a written agreement on July 6, 1949 which purported to cover work already completed and work to be done in the future. The written contract contained a provision that the contractor would furnish first class workmanship and materials which must be satisfactory to the owner. There was also a clause that provided for weekly payments to the contractor upon the submittal by him of an itemized statement of the cost of materials and labor. Gerling was discharged by the appellant in September, 1949 because of alleged defective and unsatisfactory work.

Sometime in June, 1950 the appellant entered into an oral contract with appellee Samuel Friedman, to complete the work left undone by Gerling and to make other renovations and additions to the property for an agreed upon price. The initial price was increased during the course of the work because extra work was ordered by the appellant. Friedman was also discharged in October, 1950 for the same reason as Gerling. The appellant then executed a written contract with appellees Frank Hood and George Gross, trading as Hood & Gross, on December 20, 1950, to complete

the project first undertaken by Gerling and later by Friedman and to rectify a part of the alleged defective work. Hood & Gross entered upon the task and rendered two monthly statements for work done during January and February of 1951 for which they received approximately $3,915. Their contract was similar to the one appellant made with Gerling in that it contained a provision that the contractor would furnish first class workmanship and materials to the owner's satisfaction and contained a clause for monthly payments upon the contractor's tender of an itemized statement of the cost of labor and materials. In March, 1951 the appellant, through her architect, directed Hood & Gross to stop work for the same reason that their predecessors were ordered to discontinue the operation.

In November, 1950 the appellant instituted two separate actions against appellees Gerling and Friedman respectively, for restitution of money paid for defective work and the cost of correcting such defects. Gerling counterclaimed for unpaid labor and materials supplied by him and for loss of profit. Friedman in the suit against him set up a counterclaim for loss of profit. Appellees Hood and Gross, in July, 1951 filed a complaint against the appellant to recover the balance due them for work they had completed and damages for loss of profit; the appellant counterclaimed for damages suffered due to defective work and for certain losses by theft. At appellant's request the three cases were consolidated, jury trial was waived and the trial judge after hearings entered judgment in Appeal No. 274 for appellees Hood and Gross, for the sum of $11,610.81 and found against the defendant on her counterclaim. In Appeal No. 275 the court entered judgment against appellant on her claim against appellee Gerling, and found for him on his

counterclaim in the amount of $1,409.09. In Appeal No. 276 the court found against the appellant on her claim and against appellee Friedman, on his counterclaim. Exceptions were taken by the appellant to the findings of fact and conclusions of law of the trial judge which were dismissed by the court en banc and judgments were entered on the findings, from which these three appeals were taken.

Since the case was tried without a jury, the question presented is whether the findings of fact of the trial judge, having been confirmed by the court en banc, are supported by substantial evidence: *Kahn v. American Cone & Pretzel Company et al.,* 365 Pa. 161, 167, 74 A. 2d 160. If they are so supported, they are conclusive on this appeal, since they have the same weight as the verdict of a jury in cases tried by a jury: *Andrikanics v. Andrekanics,* 371 Pa. 222, 224, 89 A. 2d 792; *Pennsylvania Company for Insurances on Lives and Granting Annuities v. Wallace et al.,* 346 Pa. 532, 535, 31 A. 2d 71. We will consider the evidence and findings in each case seriatim in an attempt to obviate much of the confusion that resulted in the trial below by the consolidation of the causes.

In Appeal No. 275 the trial judge found that appellee Gerling faithfully and honestly endeavored to perform his contract in all material and substantial particulars and that the appellant unjustifiably refused to make payments due to the defendant on demand. He also found that the reduction allowed by the appellee for work which he admitted was defective was adequate for that purpose. From these findings he concluded that appellant had breached the contract. He further concluded that in view of the conjectural testimony as to the party responsible for the defective work, the appellant had failed to carry her burden of

proving that the alleged defects were traceable to Gerling.

The contract in the Gerling case being one in which performance was conditioned on the satisfaction of the owner, the test of adequate performance was not whether the owner ought to have been satisfied but whether she was satisfied: *Singerly v. Thayer,* 108 Pa. 291, 2 A. 230; *Burke v. Daughters of the Most Holy Redeemer, Inc.,* 344 Pa. 579, 581, 26 A. 2d 460; *Ehrlich v. United States Fidelity and Guaranty Company,* 356 Pa. 417, 429, 51 A. 2d 794. There are, however, two limitations inherent in this principle: (1) that the dissatisfaction must be genuine and not prompted by caprice or bad faith, and (2) that if the work is not sufficiently completed for a reasonable determination whether it was or would be satisfactory, then the rejection is premature. *Singerly v. Thayer,* supra; *James Schleicher and Adolph Schleicher, trading as Schleicher, Schumm & Co. v. United Security Life Insurance and Trust Company,* 191 Pa. 477, 43 A. 380.

It was the appellee's position that various changes in the original plans delayed the completion of the project and he testified that the work was left unfinished because the appellant refused to make the progress payments contemplated by the written contract. Appellant on the other hand testified that the work was impeded because the appellee changed workmen on numerous occasions. She testified further that when she complained of his imperfections, he always assured her that if any defects existed they would be corrected in due course. The record discloses that the appellee's duties were of an indefinite nature after the execution of the oral contract. Originally the appellee had only obligated himself to erect a two-car garage with an apartment above. One month after work on the garage had commenced, the appellant requested the ap-

pellee to make substantial repairs and alterations to the main house. We held in *Arlotte et al. v. National Liberty Insurance Company*, 312 Pa. 442, 445, 167 A. 295, that "It is a well settled rule of law that a party to a contract cannot escape liability under his obligation on the ground that the other party has failed to perform a condition precedent to the establishment of such liability or to the maintenance of an action upon the contract, where he himself has caused that failure. . .". The evidence of the appellee, which was evidently believed by the trial judge, supports the finding that the appellant unjustifiably refused to make payments. Having retarded the plaintiff's progress by her own actions, she should have afforded him a reasonable time to amend any defects before voicing her disapproval of the entire operation.

Another defect in the appellant's claim, as found by the trial judge, was her failure to meet her burden of proving which contractor was responsible for the alleged defective work. She relied primarily on the testimony of Frank Hood, one of the appellees in Appeal No. 274, to prove that the alleged flaws were imputable to Gerling. This witness, at the direction of the appellant, examined the property after Gerling and the second contractor, Friedman, were discharged. He testified to a great number of defects which he discovered on his inspection. However, he admitted on cross-examination that there was no way of telling where Gerling left off and where Friedman began. In fact he testified that no professional man or contractor could tell where one ended and the other started because there was no definite line of demarcation. As we said in *Commonwealth Trust Company of Pittsburgh v. Hachmeister Lind Company et al.*, 320 Pa. 233, 238, 181 A. 787: "It is settled that damages for breach of contract cannot be recovered unless the evi-

dence affords sufficient basis for estimating them with reasonable certainty. . .". Although a wrongdoer will not be relieved from liability because the proofs do not attain that degree of precision which would make possible an exact dividing line between the injuries, there must be some evidence to sustain the apportionment made: *McAllister et al. v. The Pennsylvania Railroad Company*, 324 Pa. 65, 70, 187 A. 415. By Hood's own admission it was virtually impossible to ascertain with reasonable certainty the defects attributable to Gerling. Where the evidence did prove sufficiently certain to ascribe the damages to the appellee, his counterclaim was reduced by the court pro tanto.

In Appeal No. 276 the trial judge made substantially the same findings and conclusions as in appellant's suit against the first contractor. He found that the defendant Friedman was unjustifiably discharged in October, 1950 and therefore concluded that the plaintiff breached her oral contract. He also held that there could be no recovery on the appellee's counterclaim because his evidence was defective in not presenting a clear basis upon which a recovery for loss of profit could be predicated. This latter finding is not at issue here since no appeal was taken by Friedman from the dismissal of his counterclaim.

There was evidence introduced by Friedman to show that the original contract price of $13,500 was subsequently increased some $6,600 because the appellant changed her mind as to the quality of the work desired. He was paid $13,300 which the appellant seeks to recover, alleging defective work. As the trial judge remarked in his opinion: "It is highly improbable that an experienced business woman would make regular payments as the work progressed on a building contract if the work completed was not in fact substantially satisfactory to her. Such a suggestion

verges on the ridiculous in a case where the same woman had just allegedly been the victim of another contractor whom she had claimed had done defective work which she was having Friedman correct. . . .". The appellee testified that he did not complete the work because the plaintiff chased him off the job. The trial judge again must have believed Friedman's testimony and rejected the appellant's. The questions of responsibility for delay and whether a reasonable time was granted for remedying the defective work of the previous contractor were all questions of fact which have been resolved in the appellee's favor.

We stated in *Howley v. Scranton Life Insurance Co.*, 357 Pa. 243, 248, 53 A. 2d 613, quoting from Williston, Contracts, sec. 677, that ". . . 'It is a principle of fundamental justice that if a promisor is himself the cause of the failure of performance, either of an obligation due him or of a condition upon which his own liability depends, he cannot take advantage of the failure.' . . .". The record clearly indicates that the appellant's numerous modifications and additions to her previous plans would have handicapped the most experienced of builders if they were endeavoring to complete one task before undertaking another.

In the third action of assumpsit involved in Appeal No. 274, the appellees, Hood & Gross, sued the appellant on a written contract dated December 20, 1950. The trial judge made a finding that the appellees were complying with the terms of the contract on March 22, 1951 when the defendant through an architect whom she had employed directed the appellees to stop work. He concluded that the appellant had breached the contract and was therefore indebted to the appellees in the amount of $11,610.81 and denied appellant recovery on her counterclaim.

Inasmuch as the contract in this case is similar to the one made with the first contractor in that performance was conditioned on the promisor's satisfaction, the parties' rights are ruled by the principles set forth earlier in this opinion. The evidence discloses that about three months after the appellees commenced work under their contract, they received a letter from Benjamin S. Shulman, the architect employed by the appellant, informing them that they were to stop work and would be notified later as to a meeting in regard to this matter. Under cross-examination Mr. Shulman admitted that the appellant ordered him to send the letter and that he never notified the appellees of the meeting. Mr. Hood testified that prior to the stop order there were no complaints as to his workmanship and the work was not completed because of the order to stop. The appellant's primary complaint appeared to be that the appellees had "boys or kids" as laborers. One of the boys referred to by the appellant was 33 years old and had been employed by Hood and Gross as a carpenter for five years.

What the forerunners of the appellees experienced serves as a pattern for the instant case. The original contract with Hood & Gross was not more than a month old before the appellant requested extra work and then while Hood & Gross strove to complete their obligations in conjunction with their supplemental duties, they were discharged. The evidence supports the conclusion that the appellant breached the contract by dismissing these appellees before alloting them a reasonable time to rectify the alleged defects.

We have given very careful consideration to the voluminous record in these appeals and feel that there was sufficient evidence in each case to substantiate the trial judge's findings. The findings of fact were predicated on the credibility of the witnesses and therefore

352

have the effect of a jury's verdict. Nor do we find any reversible error with respect to the admission and rejection of evidence of which appellant complains.

The judgments of the court below are affirmed.

Mr. Justice BELL took no part in the consideration or decision of this case.