Wissahickon Realty Corporation, Appellant, *v.* Boyle.

Argued April 19, 1956. Before STERN, C. J., BELL, CHIDSEY and ARNOLD, JJ.

*Samuel C. Nissenbaum,* with him *Marvin D. Weintraub,* for appellant.

*Joseph V. McEnery,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 21, 1956:

While defendant *may* have a valid defense entitling her to open the confessed judgment entered against her, she has not set it forth in her petition for that purpose. The defense which she *does* assert has no legal merit.

On August 15, 1955, plaintiff, Wissahickon Realty Corporation, by written agreement leased to defendant, Regina D. Boyle, trading as Boyle's Tavern, a one-story store building at 5047 Wissahickon Avenue, Philadelphia, to be used and occupied as a restaurant and tavern and for no other purpose, for the term of five years, at a yearly rental of $3,000.00 payable in monthly installments in advance beginning from the date of the lease. The agreement contained a paragraph as follows: "Lessee has made application to the Penna. Liquor Control for a transfer of a restaurant liquor license into the demised premises. If the Penna. Liquor Control Board approves such transfer, then this lease is to be effective. Should the Penna. Liquor Control Board refuse the transfer of the restaurant liquor license into these premises, then this lease is to be void and of no effect." Defendant entered into possession and paid the first monthly installment of rent due August 15, 1955, but made no further payments and vacated the premises a month thereafter. Plaintiff thereupon entered judgment against her by confession for the entire balance due for the unexpired term of the lease, together with an attorney's commission, amounting in all to $15,487.50, as provided in the lease, whereupon defendant filed a petition to open the judgment and let her into a defense. The court granted a rule to show cause, which it subsequently made absolute, and from its order so holding plaintiff now appeals.

It appears that at the time of the execution of the lease defendant had entered into an agreement for the purchase of a restaurant liquor license from the holder and had applied to the Liquor Control Board for the issuance of a license to her and for its transfer to the demised premises. In her petition to open the judgment, however, she averred that an investigator on behalf of the Liquor Control Board interviewed her and

advised her that there was a restrictive covenant in certain deeds covering a tract of land of which the demised premises were once a part, and that, in his opinion, this restriction, which prohibited the erection or use of any building for the sale of alcoholic beverages, applied to the demised premises, and that he would so report to the Board. She averred further that a petition opposing her application for a license was signed by a large number of the residents of the neighborhood and filed with the Board. Because of these facts she stated that she had withdrawn her application for the issuance of the license and the transfer, had terminated the lease, vacated the premises, and demanded the return of the first month's rent which she had paid.[1]

It should be immediately obvious that the reasons thus asserted by defendant as justification for her attempted cancellation of the lease are wholly unavailing. As already stated, the lease agreement declared that she had made application for a transfer of the license to the demised premises, and it provided that, if the Liquor Control Board approved the transfer, the lease was to be effective. It is elementary[2] that, since

---

[1] She also averred that the premises were not ready for occupancy on August 15, 1955, in that the tile flooring was not laid until the end of that month and that the lighting fixtures were not installed nor the electricity turned on until that time. However, there is nothing in the lease, as it appears in the record, which indicates that there was any obligation on the part of the lessor to make such repairs or installations as a condition precedent to the lease going into effect.

[2] *Horewitz v. Franklin Foundry Company*, 279 Pa. 177, 123 A. 735; *Arlotte v. National Liberty Insurance Company*, 312 Pa. 442, 445, 167 A. 295, 296; *Nanty-Glo Borough v. American Surety Company*, 316 Pa. 408, 411, 412, 175 A. 536, 537; *Howley v. Scranton Life Insurance Company*, 357 Pa. 243, 248, 53 A. 2d 613, 616; *Hood v. Meininger*, 377 Pa. 342, 348, 350, 105 A. 2d 126, 129, 130; *Gil-*

the Board's approval was a condition upon which the lease was to go into effect, defendant could not by her own act make the fulfillment of that condition impossible and thereby relieve herself from her obligation under the agreement. The fact that an investigator for the Liquor Control Board stated that in his opinion the alleged restrictive covenant applied to the demised premises, or that a number of the neighbors opposed the issuance of the license, did not determine whether or not the Liquor Control Board would have approved the transfer,—wholly apart from the somewhat unsettled question as to the extent to which such approval is discretionary with the Board. Certainly the *opinion* of the *investigator* was no substitute for the *action* of the *Board*. Defendant argues that if she had been obliged to wait for the Board's action there might have been a delay of several months and in the meantime she would have been unable to use the premises for the purpose intended, but this possibility furnishes no justification for the withdrawal of her application. Mere inconvenience, or difficulty of performance, or the fact that the obligation may have become burdensome making compliance a hardship, does not excuse a party from performance;[3] had defendant desired to protect herself against any loss from such possible

---

*lett's Estate*, 130 Pa. Superior Ct. 309, 319, 197 A. 517, 521; Williston on Contracts, Vol. III, pp. 1952, 1953, §677.

[3] *Corona Coal & Coke Company v. Dickinson*, 261 Pa. 589, 592, 104 A. 741, 742; *Iron Trade Products Co. v. Wilkoff Co.*, 272 Pa. 172, 175, 116 A. 150, 151; *Gross v. Exeter Machine Works, Inc.*, 277 Pa. 363, 368, 121 A. 195, 197; *Commercial Coal Mining Company v. Big Bend Coal Mining Company*, 293 Pa. 39, 42, 141 A. 732, 733; *Pennsylvania Railroad Company v. Pennsylvania-Ohio Electric Company*, 296 Pa. 40, 47, 48, 145 A. 686, 688; *Sentry Safety Control Corp. v. Jaybee Amusement Company, Inc.*, 111 Pa. Superior Ct. 318, 327, 169 A. 419, 422.

delay she should have made provision therefor in the lease agreement.

It thus appears that the court below was in error in opening the judgment for any of the reasons advanced by defendant. However, it is clear that if there is actually in existence any enforceable restriction which would prevent the use of the demised premises as a restaurant or tavern for which purposes the premises were specifically demised, this *would* constitute a valid defense justifying her attempted cancellation of the lease. Accordingly the court makes the following

### ORDER

The order of the court below is reversed, and the record is remanded. If defendant amends her petition by setting forth the terms of the alleged restrictive covenant and facts, if any, indicating that it applies to the demised premises, that it is presently enforceable, and that it therefore prevents her from occupying the premises for the purposes provided in the lease,—plaintiff to have the right to file an answer thereto,—the court shall thereupon enter such order with respect to the rule to open the judgment as may be appropriate. Upon defendant's failure to file such amendment the rule to be discharged.