Clary v. State Farm Fire and Casualty Company

Before Forrest, P. J. and Smillie, J.

*Anthony J. Giangiulio,* for plaintiff.

*Joseph P. Phelps,* for defendant.

FORREST, P. J., April 12, 1965.—The matter before the court is the disposition of the preliminary objections filed by State Farm Fire and Casualty Company to plaintiff's assumpsit action. Plaintiffs, Sylvester John Clary and Eva M. Clary, his wife, took automobile insurance with defendant company on their automobile. Shortly after the policy became effective, plaintiff, Sylvester John Clary, was injured in a collision. As a result of the collision, Mr. Clary was injured in and about the jaw and teeth. Upon consultation with a dentist, plaintiff was advised that he needed a permanent bridge, which would cost $450. The dentist refused to undertake the work for plaintiff until he had assurance that he would be paid. Plaintiff sought such assurance from defendant, and upon receiving nothing from defendant, asked his attorney to write defendant insurance company.

The insurance contract under consideration provided, inter alia, that the company would pay for all medical bills incurred due to an accident which are undertaken within a year after the date of the collision. Plaintiff learned that the dental work was necessary about 10 months after the accident. No response was received to plaintiff's requests, or those of his attorney, until two days after the period of expiration, at which time defendant informed plaintiff that it was not obligated under the insurance contract for the prospective dental expenses, due to the expiration of the year. On the basis of that response, plaintiffs instituted this assumpsit action and defendant filed preliminary objections to the complaint, alleging that

plaintiffs' failure to comply with the medical payments provision of the insurance contract discharged it from liability.

The preliminary objections of defendant should be dismissed. As stated in Arlotte v. National Liberty Insurance Company, 312 Pa. 442, 445 (1933):

"It is a well settled rule of law that a party to a contract cannot escape liability under his obligation on the ground that the other party has failed to perform a condition precedent to the establishment of such liability or to the maintenance of an action upon the contract, where he himself has caused that failure. As stated in Williston, Contracts, section 677, 'It is a principle of fundamental justice that if a promisor is himself the cause of the failure of performance either of an obligation due him or of a condition upon which his own liability depends, he cannot take advantage of the failure.' Thus, an insurer will not be permitted to take advantage of the failure of the insured to perform a condition precedent contained in the policy, where the insurer itself is the cause of the failure to perform the condition.' "

See also Howley v. Scranton Life Insurance Co., 357 Pa. 243, 248 (1947).

In the case of Nanty-Glo Borough v. American Surety Company, 316 Pa. 408, 411-2 (1934), the court cited the Arlotte case, supra, and §677 of Williston on Contracts, 3rd ed., and then stated:

"We have many times held that an insurer who has misled the insured as to the necessity for performing a condition in the policy cannot thereafter take advantage of its nonperformance: Whitmore v. Ins. Co., 148 Pa. 405; Moyer v. Sun Ins. Office, 176 Pa. 579; Jenkins v. Ins. Co., 282 Pa. 380; Fedas v. Ins. Co., 300 Pa. 555; Gough v. Halperin, 306 Pa. 230; Arlotte v. Ins. Co., supra."

This principle of contract law and cases cited there-

for, was reaffirmed as recently as 1956, in an opinion by Mr. Chief Justice Horace Stern, in the case of Wissahickon Realty Corporation v. Boyle, 385 Pa. 198, 201-2. In this case a tenant entered into a lease of certain premises designed for use as a restaurant and tavern, said lease to become effective only if the Liquor Control Board granted defendant the requisite license privileges. The court said, citing the above cases, at page 201-2:

"It is elementary that, since the Board's approval was a condition upon which the lease was to go into effect, defendant could not by her own act make the fulfillment of that condition impossible and thereby relieve herself from her obligation under the agreement."

See also Anthony v. Nationwide Mutual Insurance Company, 205 Pa. Superior Ct. 16, 21 (1964).

It is clear that defendant insurance company had a duty to respond to the requests of plaintiff for written assurance of its obligation under the policy. By failing to respond, it cannot escape liability on the contract on the ground that plaintiff has failed to perform a condition precedent, incur the dental debts within a year from the accident date, because defendant's silence misled the plaintiff. There is no valid reason to prevent plaintiffs from recovering on this insurance policy. If plaintiff had undertaken the debt immediately, or if the dentist had been willing to commence the dental work without written assurance from the insurer, this company would have been liable for the expense. The company should not be permitted to escape this liability because plaintiff diligently sought written assurance that the company would pay.

It would be inequitable and unjust for us to sustain the preliminary objections. In all justice, the preliminary objections should be dismissed and plaintiffs should be allowed to amend their complaint along the

lines of the principles laid down in the foregoing opinion.

And now, April 12, 1965, the preliminary objections are dismissed and plaintiffs are allowed to amend their complaint within 30 days of the date of this order; otherwise, the preliminary objections will be sustained.